### 2136. OWENS *et al. v.* PARKER & HOOK.

RUSSELL, J. 1. The court erred in striking, on motion of the plaintiffs, that portion of the defendants' plea which set up fraud and misrepresentation as to the mule sold to them by the plaintiffs, and which alleged a failure of consideration because of the worthlessness of the mule.

2. By reason of this error the verdict and the proceedings amendatory thereof were nugatory.

3. It was not error to overrule the defendants' demurrer. Even if the attachment and the levy thereof had failed for defects, the plaintiffs might recover a general judgment on the declaration, of which notice had been given.

(*a*) The holder of a note in which there is a reservation of title of personal property and also a mortgage of the property to the payee may sue out an attachment for purchase-money, instead of pursuing the other remedies available to him.

4. To perfect the attachment and levy, the holder of the legal title must file and record a reconveyance to his debtor, and if he fails to do this the levy of the attachment falls. But where a declaration has been filed and the prescribed notice given, the plaintiff may recover a general judgment even though the attachment is dismissed.    *Judgment reversed.*

DECIDED SEPTEMBER 20, 1910.

Attachment; from city court of Tifton—Judge Eve. July 24, 1909.

The note sued on was for $75, and was payable to Parker & Hook, the plaintiffs. The plea referred to in the first division of the decision was as follows: "And defendants, for further plea in said cause, deny that they are indebted to the plaintiffs in any sum whatever, but on the contrary, the plaintiffs are indebted to these defendants in the sum of $75. Defendants say that the note made by them to the said Parker & Hook was given for the difference in a mule trade, that the mule that the defendants sold the plaintiffs was worth $125, and that the mule that the plaintiffs sold the defendants was not worth more than $50, and that said note was given for the difference in the value of said mules. The defendants say that the plaintiffs were expert in handling mules and horses, and knew the value, and, relying upon the representations made by the plaintiffs, the defendants were led to believe that the mule that they sold to the plaintiffs was perfectly worthless because of a defect in one of his limbs, it having a bruised place on its right hind leg, when in fact the bruised place on said mule's leg was only temporary and not permanent. The plaintiffs represented that the mule that they sold to the defendants was in every way sound and able to do fine work, when in fact said mule was not in good health, it being lame and unable to graze from the ground without serious difficulty; nor was it able to do heavy work, it being lame, and unknown to defendants. Defendants say that they have no experience as to the value of live stock, and did not know the real value of the mule plaintiffs' sold to them and the mule that defendants gave them in exchange. Relying upon these representations the defendants did execute and deliver their note for the difference in said trade, when in fact the representations were false and known to be false at the time they were made, and also unknown to the defendants."

Cited by counsel: 4 *Ga. App.* 351; 3 *Ga. App.* 586; 118 *Ga.* 918; 88 *Ga.* 791; 125 *Ga.* 167; 5 *Ga. App.* 847.

*J. J. Murray, J. B. Murrow, James H. Price,* for plaintiffs in error. *R. D. Smith, R. S. Foy,* contra.