2719.   WHIGHAM *et al. v.* HALL & COMPANY.

1. The original plea set up facts which, if proved, would have shown partial failure of the consideration of the note sued on, and the court erred in striking it on demurrer.
2. Where, in a suit on a note given for the purchase price of two mules, one of the makers of the note alleges, by his plea, that he signed as surety, and that the mules were valued in the note at $250 each; that one of the mules had died, and that the other mule was returned to the vendor by the principal maker of the note, without the knowledge of the surety, and accepted by the vendor at the same value for which he had been sold, and a credit entered for that amount on the note, this transaction did not have the effect of changing the consideration, and did not injure the surety, and his liability was not affected thereby.

DECIDED JANUARY 17, 1911.

Appeal; from Jefferson superior court—Judge Rawlings.   May 11, 1910.

This was a suit brought in the county court, on a promissory note.   From a judgment in favor of the plaintiffs, the defendants appealed to the superior court.   The case is before this court on exceptions to the judgment of the superior court in striking the pleas and in directing a verdict for the plaintiffs.

The note sued on recited that it was given for the purchase-money of two mules described therein, and contained a reservation of title in the vendor of the mules until full payment of the note; also the following clause: "It is distinctly understood that I am to pay for the within-described property even if it be lost, damaged, destroyed, or dies from any cause whatever. . . I distinctly state that I am the lawful owner of said property. . . The title to the same I hereby warrant against the claims of all other persons whomsoever."   The note was signed by both defendants, apparently as principal makers.   The plea filed in the county court, as amended by the defendants in the superior court, alleged, in substance, that the consideration of the note had partially failed, in that both the mules at the time of the sale were represented by the seller to be sound and well, and that, relying upon this representa-

tion, the mules were bought, but that at the time of the purchase one of the mules was diseased and suffered from pneumonia, or some similar disease, which was not apparent to defendants, and that this mule died within fifteen days from the date of purchase, from said latent disease, and, as the mule was worthless to defendants, the purchase-price should be deducted from the note sued on, the mules being valued in the note at $250 each.

In addition to the plea of partial failure of consideration for the reasons stated, one of the defendants set out that he was simply surety on the note for the purchase of the mules by the principal maker, who was the other defendant, and that as such surety he had been released by reason of the following facts, to wit: On November 15, 1907, the plaintiffs, without his knowledge or consent, rescinded the contract for the purchase of the mules, by taking back from the purchaser the mule that was still living and allowing him a credit of $250 on the note, the stated value of the mule, it being alleged by the defendant that this act of the holders of the note was a partial rescission of the contract of purchase, by which he, as security, had been wholly released and discharged.

*Phillips & Phillips, Hines & Jordan,* for plaintiffs in error.
*R. L. Gamble,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. The plea of partial failure of consideration set up facts which, if proved, would constitute a good defense as to the mule which the plea alleged was unsound and suffering from pneumonia at the date of the sale, and had died before the maturity of the note. For the purpose of avoiding the effect of this plea, it is insisted by learned counsel for the defendants in error that the language contained in the note, that the maker agreed to pay for the property even if it should be lost, damaged, or destroyed, or died from any cause whatever, excluded any warranty as to the soundness of the mules, and obligated the maker at all events to pay the note, and that the language, also contained in the note, that the seller only warranted the title to the mules, excluded any other express warranty; and this seems to be the view that the trial judge took of the plea. It is well settled that in conditional bills of sale of personal property, where the title to the property is reserved until the purchase-money is paid, the loss or destruction of the property before maturity of the purchase-money note falls on the vendor.

*Bentley* v. *Johnson,* 63 *Ga.* 662; *Randle* v. *Stone,* 77 *Ga.* 501. This rule of law could be rendered inapplicable by express agreement, and it is plain that the statement in the note, that the purchaser agreed to pay for the mules, whether they be lost, damaged, or destroyed, or died from any cause whatever, was for the purpose of preventing the application of this rule of law to the contract; but can it be reasonably contended that the language quoted was intended to exact payment from the purchaser although the mules may have been unsound and suffering from some latent disease known to the seller, but unknown to the purchaser, at the date of the sale? Suppose the mules died from this latent cause before their delivery to the purchaser, but after the execution of the note, could it be reasonably contended that he should nevertheless pay for the mules? The language in the note, "dies from any cause whatever," reasonably construed, we think, means some cause which did not exist at the time of the sale, but which originated after the sale and after the delivery of the mules to the purchaser, and before the maturity of the purchase-money note. In any event, what was intended by the language was ambiguous, and the question of fact should have been submitted to a jury, as to its meaning and scope. Civil Code of 1895, § 3672; *Wiggins* v. *Cleghorn,* 61 *Ga.* 365.

It is also insisted by learned counsel for the defendant in error that parol evidence would not have been admissible to establish the allegation in the plea of a parol warranty at variance with the language of the contract, which excluded any warranty except as to title, and, of course, excluded the warranty as to soundness. We do not think that this rule of law is applicable. The note sued on was signed by the maker, who was the purchaser of the mules. It is his contract, and not the contract of the seller; and the parol warranty set out in the plea was the contract of the seller, and was entirely consistent with the terms of the note. In other words, the note was a part of the contract which was reduced to writing, and the parol warranty as to soundness was another part of the contract, which was not reduced to writing. The note did not express the whole contract, and was not intended, reasonably construed, in our opinion, to express the whole contract. "A warranty is a statement or representation made by the seller of goods, contemporaneously with and as a part of the contract of sale, though collateral to the express object of it, having reference to the character, quality, or

title of the goods, and by which he promises or undertakes to insure that certain facts are or shall be as he then represents them." *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807 (50 S. E. 939). Therefore, the contract of warranty in this case was collateral to the note, and it was admissible to prove this contract of warranty by parol. It was not included in the written contract, and did not vary its terms. *Roberts* v. *Mathews,* 77 *Ga.* 458; *McMahan* v. *Tyson,* 23 *Ga.* 43. We think, therefore, that the court erred in striking this plea. *Pryor* v. *Ludden,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267).

2. The claim was set up by one of the makers of the note, that he was a surety, and had been released and discharged because the holder of the note had taken back from the principal maker thereof the mule which had not died, and had allowed the maker a credit for the full value of this mule. This was not such a novation of the contract as to release the surety, and did not increase the risk of the surety. It simply reduced the amount of the note on which he was surety, leaving him liable for the balance due on the note, if the defense set up in the original plea was not established, for the agreed value of the mule which had died. It is well settled that if a release of a part of the property of the principal does not have the effect of changing the contract and does not injure the surety, his liability is not affected thereby. Brandt on Suretyship, § 486; *Higdon* v. *Bailey,* 26 *Ga.* 426. The court did not err in striking this plea.

The other assignments of error made in the bill of exceptions, that the court erred in directing a verdict, after having stricken the pleas, and in rendering a judgment without the intervention of a jury, are not covered by the brief of the plaintiffs in error, and were not alluded to in the argument, and must be treated as having been abandoned.

The judgment is reversed, because of the error discussed in the first division of the opinion.          *Judgment reversed.*