[Civ. No. 3484. First Appellate District, Division One.—October 29, 1920.]

WESTERN SOIL BACTERIA CO. (a Corporation), Appellant, v. O'BRIEN BROTHERS, INCORPORATED (a Corporation), et al., Respondents.

[1] SALES—ACTION TO RECOVER PURCHASE PRICE OF GOODS—EXPRESS WARRANTY—EVIDENCE—FINDINGS.—In this action to recover a balance alleged to be due on the purchase price of certain vetch seed and of a certain bacterial preparation purchased by the defendants from the plaintiff, the evidence sufficiently showed that the plaintiff's assurance that the vetch seed sold by it, when treated by its special preparation and planted and cultivated according to its direction upon the premises of the defendants, would germinate and grow, was not only express, but was unqualified, and was made with the full knowledge on the part of the plaintiff as to the purpose of the purchase of said seed and as to where the same was to be planted and grown and further showed that it was this express and unqualified warranty which induced the purchase by the defendants of the plaintiff's said seed and preparation.

[2] ID.—BREACH OF WARRANTY—ENFORCEMENT IN ACTION TO RECOVER PURCHASE PRICE.—The plaintiff having known at the time said warranty was given in just what soil and location said seed was to be planted, and the trial court having found that the failure of the seed to measure up to the plaintiff's express warranty thereof was due to the breach of said warranty (the plaintiff having failed to sufficiently establish its alleged excuse that the failure of the seed to germinate and grow was due to abnormal seasonal conditions over which it had no control), said warranty was enforceable in plaintiff's action to recover the purchase price of the seed and bacteria.

[3] ID.—EXPERIMENTAL EVIDENCE—DISCRETION OF TRIAL COURT—DIFFERENCE IN CONDITIONS.—Trial courts are invested with a large discretion in the matter of the admission of evidence of experiments; and in this action, in which the plaintiff offered evidence of laboratory tests made by it to determine the proportion of certain seed that would germinate, in view of the difference in the conditions under which such tests were made and those surrounding the planting and growth of the seed by the defendants, the appellate court could not say that the trial court abused its discretion in its refusal to admit such testimony.

1. Express or implied warranty on sale of seeds, notes, Ann. Cas. 1918B, 72, 96; 16 A. L. R. 859.

3. Experiments as evidence, note, 53 Am. St. Rep. 375.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mervyn R. Dowd for Appellant.

Oliver Dibble for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action brought to recover the sum of $525.40, a balance alleged to be due on the purchase price of certain vetch seed and of a certain bacterial preparation known as Westrobac, purchased by the defendants from the plaintiff.

The complaint was in two counts, each for goods sold and delivered and each referring to the same transaction. The answer of the defendants, after denying that anything was due to plaintiff, or that any goods sold by it to the defendants had any value, set forth as an affirmative defense that the seed and bacteria sold to the defendants by plaintiff was so sold upon the express understanding and agreement "that the same should be planted by defendants upon land belonging to the defendants in the state of California, and that when so planted the said bacteria and vetch seed so sold and delivered would grow upon said land, and would thereby promote the growth of trees in the orchard of defendants planted upon said land aforesaid; defendants allege that after said bacteria and vetch seed was delivered by plaintiff to defendants the same was planted by defendants upon said land, pursuant to the orders and direction of plaintiff and in furtherance of the scheme for which said bacteria and vetch seed were purchased by defendants as aforesaid; allege that said vetch seed failed to grow as warranted and agreed to by plaintiff, and was worthless."

Upon the trial and submission of the cause the trial court made its findings in favor of defendants, and in so doing found that said vetch seed and bacteria was sold by plaintiff to the defendants upon the express understanding and warranty made by plaintiff that the seed should be mixed with said Westrobac, and "when so mixed should be planted by

defendants upon certain land . . . and that when so planted the said vetch seed . . . would grow upon said land and promote the growth of trees in the orchards of said defendants." The court further found that the said seed and bacteria was mixed and planted by defendants, pursuant to the orders and direction of plaintiff, and was planted and cultivated by defendants upon their said land in the manner directed and prescribed by plaintiff, and that said vetch seed so planted by defendants failed to grow as warranted by the plaintiff.

Upon these findings the court rendered judgment for the defendants as to the main amount of the plaintiff's claim, but for the plaintiff as to a small portion of said vetch seed, amounting to $67.50, which was neither planted by them nor returned to plaintiff. The plaintiff appeals from said judgment.

The chief contention of the appellant upon said appeal is that there was no evidence sufficient to support the finding of the court as to the existence of the express warranty, above referred to, and that even if such warranty was made it is not such a warranty as could be enforced in an action to recover the purchase price of the seed and bacteria involved in this transaction.

[1] In so far as said contention involves the existence of evidence to support the court's finding as to the making by plaintiff of the express warranty that the plaintiff's said seed when mixed with its special preparation, known as Westrobac, and planted upon the lands of the defendants, according to the plaintiff's directions, would germinate and grow thereon, we are of the opinion that there is sufficient evidence to support such findings. The defendants were at the time of the transaction in question the owners of a large tract of land in Shasta County, which was planted out to orchard, and were desirous of planting among the trees in said orchard a cover crop, which would sprout and grow therein during the earlier months of the year, and would then be plowed under for the better fertilization of the soil in which said orchard trees were being grown. The plaintiff was advertising, by circulars and otherwise, the special merits of its bacterial preparation called Westrobac, which, being mixed with vetch seed, would greatly assist its germination and growth as a cover crop for planting in orchards. The defendants received some of these circulars,

and were induced thereby to call upon the plaintiff with a view to purchasing some of its said preparation, and upon doing so were strongly advised by the officials of plaintiff to purchase from it the vetch seed with which said Westrobac was to be mixed, insisting that their said seed was of a superior quality, and that if the defendants would purchase it at a somewhat higher price than that quoted by other dealers in vetch seed the plaintiff would guarantee that such seed, when treated by its special preparation and planted and cultivated according to its direction upon the premises of the defendants, would germinate and grow. The evidence sufficiently shows that the plaintiff's assurance of such a result was not only express, but was unqualified, and was made with the full knowledge on the part of the plaintiff as to the purpose of the purchase of said seed and as to where the same was to be planted and grown. The evidence further sufficiently shows that it was this express and unqualified warranty which induced the purchase by the defendants of the plaintiff's said seed and preparation.

[2] The appellant, however, contends that even if such express warranty was given and made, and even though it formed the chief inducement to defendants for their said purchase, it is not such a warranty as would be enforceable, for the reason that there are other elements which enter into the problem as to whether seed, however reinforced as to its germinating qualities, and however carefully or correctly planted, will germinate and grow to its expected maturity, such as conditions of soil and location and also the particular climatic conditions of the season of the planting and growth of said seed, which matters, according to the plaintiff's contention, would always be beyond the control of the vendor of the seed. The difficulty with this contention consists in the fact that, in so far as the matters of soil and location are concerned, the plaintiff knew at the time said warranty was given in just what soil and location said seed was to be planted. It was purchased by defendants for planting and growth as a cover crop within their said orchard, which facts were fully known to plaintiff at the time of said sale. With respect to the seasonal conditions, it is true that this would be beyond the control of the plaintiff; and that if it could be shown that the seasonal conditions of the particular place where and time during which said

seed was to be planted and was expected to grow were abnormal, and that whatever failure there was in said seed to germinate and grow was attributable to such abnormal conditions, this would be a good defense to the enforcement of such guarantee. It must be conceded that there is some evidence in the record going to indicate that the season during which said seed was sown was unusual as to the time and amount of rainfall. This evidence, however, was educed from officials and employees of the plaintiff, and evidently did not impress the trial court, either as to its truth or as to the sufficiency of its explanation why none of the seed sold by plaintiff to the defendants, and by them treated, planted, and cultivated in all respects in conformity to the plaintiff's directions, either germinated or grew. Upon this subject the evidence is positive and direct that absolutely none of said seed so treated and sown by the defendants within their said orchard either germinated or grew; and this failure of the defendants' said seed to measure up to the plaintiff's express warranty thereof the trial court finds to have been due to the breach of said warranty and not to the fact that any alleged abnormal seasonal conditions contributed to the failure of said seed to germinate and grow. We are of the opinion, therefore, that the plaintiff failed to sufficiently establish its alleged excuse for the failure of its seed to measure up to the requirements of its warranty.

[3] The appellant's next contention is that the trial court was in error in excluding certain testimony offered by plaintiff with respect to certain tests made of portions of the particular vetch seed sold by it to the defendants and later returned to it. The tests to which the plaintiffs' offered witnesses would have testified were made by taking one hundred grains of said seed, and, after placing them between moistened blotters, subjecting them to a temperature of 98° for a specified length of time. The plaintiff offered to show that when said seed was subjected to this form of test a large proportion of its grains germinated. It will be apparent, however, that such a test as this would be one made under very different conditions from those surrounding the planting and growth of seed in an open orchard, and under conditions as to soil, temperature, and location entirely different from those under which the, so to speak, laboratory test proffered by the plaintiff was made.

Trial courts are invested with a large discretion in the matter of the admission of evidence of this character, and we are unable to say that the trial court in the instant case abused its said discretion in its refusal to admit such testimony. (*People* v. *Woon Tuck Wo*, 120 Cal. 294, [52 Pac. 833].)

No other errors being urged by the plaintiff, the judgment is affirmed.

Beasly, J., *pro tem.*, and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1920.

All the Justices concurred.