*Rosser, Slaton, Phillips & Hopkins,* for defendant.

---

### 11555.   UPSHAW BROTHERS *v.* STEPHENS.

STEPHENS, J.   1. Even if the ruling in regard to the admissibility of oral testimony as to the fact of levy was subject to the objection stated in the 4th ground of the motion for a new trial, it relates only to a collateral issue in the case, and could in no way have operated to prejudice the plaintiff's case before the jury.

2. The 5th assignment of error, excepting to certain documentary evidence described as cotton bills only, without giving the contents of the bills or their substance, is incomplete and cannot be considered.

3. The 6th assignment of error, excepting to the admission in evidence of a certain account book kept by the plaintiff, cannot be considered, because it does not appear what objection, if any, was made to its admission when it was offered in evidence.

4. The jury not having found a verdict for the set-off or counterclaim of the defendant, any error in the charge relating to the defendant's right to recover such set-off or counterclaim was harmless to the plaintiff.

5. The charge of the court fairly submitted the issues to the jury, and, in the absence of any special request to charge, was not subject to any of the exceptions urged thereto.

6. The evidence supports the verdict for the defendant, which has the approval of the trial judge, and, no error of law appearing, the plaintiff's motion for a new trial was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921.

Foreclosure of lien; from Douglas superior court — Judge Irwin. April 9, 1920.

The nature of the case appears from the charge of the court, set out below. There was a general verdict for the defendant. The plaintiffs excepted to the overruling of a motion for a new trial. The ground referred to in paragraph 1 of the decision is as follows: "4th. Because the court did not sustain the objections of J. H. McLarty, counsel for the plaintiff, to objections made of L. C. Upshaw, a witness sworn for the plaintiff: ' Q. What did you do then?' A. ' We levied on some—referring to crop. He had some cotton there and it was levied on by some other party.' Mr. Merritt objected and said: ' The levy would be the best evidence.' The court: ' Just state what they did.' Addressing plaintiff's counsel, the court stated: ' Have you those liens?' Mr. McLarty says: ' I have mine.' It is insisted that the court erred in not allowing L. C. Upshaw, witness for the plaintiff, to explain about the levy, because there was no dispute about it, and Upshaw would have shown that the plaintiff got nothing on account of the cotton that was levied on, when taken in connection with his other evidence in the record in the case."

The charge of the court, except as to credibility of witnesses and as to the form of the verdict, was as follows: " Upshaw Brothers foreclosed a landlord's lien for guano furnished to make a crop, and levied upon certain property of Robert Stephens, and he filed a counter-affidavit, denying that he owed the amount set out in the lien, or any part of it, and further claims, as set out in the papers, judgment against them, says he has overpaid them in this amount, and that makes the issue that you are to try in this case. The plaintiff claims one hundred and thirty and some odd dollars due, and foreclosed their lien for that amount. The defendant filed a counter-affidavit, and denied owing any part of that amount, and in addition sets up the claim that the plaintiffs are indebted to him, I believe, in the amount of $55. You look to the papers and see what the amount is, if I don't quote it correctly; and that is the issue, and it is a pure simple issue of fact that you are to determine. You look to the papers that have been introduced before you, all the books that have been introduced, and the witnesses that have been examined here on this stand, and see what the truth of this transaction is. You see the witnesses on the stand, hear their manner of testifying, and it is left with the jury to say what the truth is." It was contended that the charge did

not state the issues so that the jury could understand them; that the court erred in charging that if the defendant overpaid the plaintiffs, the defendant would be entitled to judgment against the plaintiffs for the amount of the overpayment; and that the charge was injurious to the movants because " it was tantamount to expressing an opinion by the court that the defendant did have a legitimate claim against the plaintiffs." It is alleged that in charging the jury to look to all the papers and books introduced, and the witnesses examined, and " see what the truth of the transactions is," the judge erred because he did not state what papers they were to look to, nor what books had been introduced, " or to examine no particular fact that they are to find as to what the truth of this transaction is. It is insisted that the papers must be construed by the court, and to tell the jury the law that should govern them in the construction of any papers introduced, and how they should be governed in their consideration of the books introduced in the case. There is no instruction given the jury as provided by law."

*J. H. McLarty, J. Z. Dorsett, James & Bedgood,* for plaintiffs.
*D. S. Strickland, Astor Merritt,* for defendant.