[Crim. No. 3050. In Bank.—March 20, 1928.]

THE PEOPLE, etc., Respondent, v. R. H. ELY, Appellant.

Honnold & Hubbell for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and John D. Richer, Deputies Attorney-General, for Respondent.

CURTIS, J.—By the information filed against the defendant in this action he was charged with driving an automobile which struck a human being, to wit, Isaac Pupkin, and said defendant failed to stop his automobile and render assistance to said Isaac Pupkin, "so struck as aforesaid." Upon this charge he was tried and found guilty by a jury, and from the judgment of conviction, entered upon the verdict of the jury, and from an order denying his motion for a new trial, he appealed to the district court of appeal, which affirmed the judgment (Cal. App.), 258 Pac. 146. The appellant thereupon presented to this court a petition for a hearing of his said appeal by this court, which petition was granted. ■ In most respects we are in accord with the opinion of the district court of appeal rendered herein, but are not able to agree with that portion of said opinion holding that it was not prejudicial error on the part of the trial court to refuse to give the following instruction requested by the appellant: "The prosecution must establish beyond a reasonable doubt that the defendant knew he had struck a person. The guilty knowledge of defendant is as material to the prosecution as any other element of the offense charged, and if you are not satisfied beyond a reasonable doubt that defendant had such knowledge, you must find defendant not guilty." There is no contention that this instruction does not contain a correct statement of the law as to the necessity of knowledge on defendant's part that he had struck a person with his automobile before he could be found guilty of failure to stop and render assistance to the person so struck, nor is there any claim that it was not error on the part of the trial court to refuse to give this instruction. The only claim made in defense of the action of the court is that the refusal to give this instruction was not prejudicial error.

The court in its instructions to the jury defined the crime of which appellant was charged by quoting in full section 367c of the Penal Code, excepting the last paragraph thereof, which fixes the punishment for a violation of said section. This section of the code in substance provides that whenever an automobile strikes any person the driver thereof shall immediately cause said automobile to stop and render to the person struck all necessary assistance. By a strict interpretation of this section, standing by itself, it might be held to

apply to all persons coming within the precise meaning of its terms, whether the person whose machine had struck another person had knowledge that he had struck such person or not. While it has been said that it is difficult to believe that a jury would convict an accused of a violation of the provisions of a statute similar to those of this section of the code without being assured to a certainty that he had actual knowledge that his machine had struck another person (*People* v. *Graves*, 74 Cal. App. 415 [240 Pac. 1019]), yet we are not prepared to say that a jury would in every case disregard the strict language of the section and render its verdict in accordance with a more liberal and correct interpretation thereof. When, therefore, the trial court was asked to instruct the jury, as it was in this case, that before the defendant could be found guilty under this section of the code it must believe beyond a reasonable doubt that he had knowledge that he had struck another person, we think the better practice would have been to have given the requested instruction, and we do not feel that we can say that the appellant's substantial rights were not seriously prejudiced on account of the refusal of the court to permit such an instruction. We find no objection to the remaining portion of the opinion of the district court of appeal, as written by Justice Thompson. We therefore adopt as the opinion of this court the remaining portion of said opinion, which is as follows:

"The essential facts are that on the evening of September 21, 1926, at about 10:30 P. M., the defendant was traveling west on University avenue in the city of San Diego in company with two young ladies in a red Buick roadster without a top. Miss Boatman and Miss Hill, the young ladies in the car, testified that shortly after they turned into University avenue from another street they ran over something and Miss Boatman asked what it was and the defendant jokingly replied, 'A man on a bicycle.' Miss Boatman testified that, although she had noticed a noise in the motor before the time of the accident, it became worse thereafter and when she arrived home she observed that the motor meter was broken. Both of the young ladies suggested to the defendant that he stop and investigate to which he replied that he had seen the man pick himself up and that he could do nothing. He did not stop. The defendant admitted the remarks at-

tributed to him by these witnesses and said that while they had struck what he thought was a sewer drain, they had been joking all evening and he made this remark in jest, laughing about it. He said that earlier in the evening someone must have backed into him and broken his motor meter, a part of which was found at the place where the man was struck, and that they had also dented the radiator and pushed it back until the fan arms were striking against it; that this was the cause of the noise referred to by the other witnesses.

"Other testimony established that a man was struck by a red roadster with its top down or off, and that on the car driven by defendant there were, in addition to the damage to the radiator and motor meter, marks on the bumper indicating that they had been made by striking corduroy clothing, such as that worn by the man who was struck and killed. Hair and pieces of thread were also found under the car on the battery box.

■ "The appellant bases his appeal upon several grounds, the first of which is that the court erred in refusing to strike out the testimony that there were marks on the bumper such as would be made by striking clothing like that worn by the deceased. The ground urged by defendant as the reason for requesting this testimony be stricken at the time of trial was that there was no testimony to show that the bumper was not in the same condition prior to the time of the accident. Such objections run solely to the weight to be attached by the jury to the testimony, and is not a ground for its entire exclusion.

■ "The next objection is somewhat related to the one just mentioned. During the examination of the defendant he was asked by his counsel if he had made an experiment on dusty bumpers with a piece of corduroy, and this question being answered in the affirmative, he was asked to tell the jury what he had found out about the impression that would be made upon the bumper by corduroy 'when it was pressed lightly or when it was struck a heavy blow.' An objection was interposed and was sustained on the ground that the proffered testimony was incompetent, irrelevant and immaterial. We find no error in the ruling. ■ The testimony comes within the class of testimony designated as experiments, which, when shown to have been made under

the same conditions as those existing in the case itself, are admitted. The reception or rejection of such testimony lies largely within the discretion of the trial court, with this limitation—that it must be shown that substantially the same conditions existed, and further that the evidence shall be of such a character as to aid rather than to confuse the minds of the jurors with collateral matters. (*People* v. *Woon Tuck Wo*, 120 Cal. 294 [52 Pac. 833]; *Western S. B. Co.* v. *O'Brien*, 49 Cal. App. 707 [194 Pac. 72].) It is apparent that the experiment could not well have been conducted under similar conditions with those of the accident without danger of a homicide; furthermore there was no attempt to show that the surrounding circumstances were similar. . . .

██ "The other reasons assigned for the reversal of the judgment are in effect that the evidence is not sufficient to sustain the verdict, and particularly in this: that uncertainty exists as to the name of the deceased and that the circumstantial evidence is consistent with the theory of innocence. . . . In so far as the name is concerned, Officer Lindsey testified that after the injury he discovered the man's name to be Pipkin, which he later corrected to Pupkin. Under the rule announced in *People* v. *Foster*, 198 Cal. 112 [243 Pac. 667], the correct name of the injured person may not be of serious consequence, but, regardless of that rule, we think the name of the deceased was sufficiently supplied in the case at bar.''

From the recital of the facts as contained herein, we think there was sufficient evidence to support a verdict of guilty and we would not be disposed to disturb the determination of the jury upon that ground, but on account of the error of the trial court in refusing to instruct the jury that it was necessary for the prosecution to prove knowledge on the part of the appellant before he could be found guilty of the charge against him, the verdict cannot be upheld.

The judgment and order are reversed.

Preston, J., Waste, C. J., Langdon, J., Shenk, J., Seawell, J., and Richards, J., concurred.