### 19929. HAWKINS *v.* HAYNES.

DECIDED NOVEMBER 13, 1929.

*G. Fred Kelley,* for plaintiff. *W. N. Oliver,* for defendant.

LUKE, J. Fred Hawkins sued Clyde Haynes upon a promissory note for $250. Haynes pleaded that a horse worth $50, $35 in cash, and the $250 note sued on were given to the plaintiff for two mules; that the mules were not fitted for the purpose intended; that the plaintiff "guaranteed said mules to be straight and sound in every way;" that the next morning after the purchase of the mules they were sick and that one of them died in five days and the other in seven days. Defendant prayed for judgment for the $85 he had paid the plaintiff. Plaintiff demurred to defendant's answer, and the demurrer was overruled. Plaintiff excepted pendente lite to the overruling of his demurrer. The defendant admitted the execution of the note and assumed the burden of proof.

The jury returned a verdict for the defendant. Plaintiff made a motion for a new trial, which was overruled, and to this ruling the movant excepted. There is no assignment of error in the bill of exceptions on the exceptions pendente lite or the overruling of the plaintiff's demurrer, and the same are not argued in the brief of the plaintiff in error.

The substance of the plaintiff's contentions is that the note provided that the purchaser "take all risk of said mules dying;" that "parol evidence is not admissible to vary the terms of a written contract," and that an implied warranty "does not operate where the parties by their contract have expressly agreed upon a different warranty."

The defendant proved the allegations of his plea, viz., that the mules were not fitted for the purpose intended, that they were sick the next morning after the purchase, and that they died, one in five days and the other in seven days after their purchase, and that the plaintiff "guaranteed the mules sound and all right." In fact, the person who sold the mules to the defendant and who is admittedly the alter ego of the plaintiff testified that he "guaranteed the mules to be sound and all right in every way." The note sued on contained no express warranty, and the plaintiff retained title to the mules until payment of the note. The judge charged the jury in part as follows: "The defendant contends that the mules were warranted to him to be sound and all right. Plaintiff contends that in the contract of sale there was a stipulation that defendant took the risk of the mules dying. I charge you that if he [the defendant] entered into a contract of that kind in signing the note, that he took the risk of the mules dying, and if you believe that it was given for the purchase-money of the mules, and he entered into a written contract with the plaintiff to that effect, then he would be bound by that contract; and I charge you that if one or both of the mules died from any disease contracted after the time of the purchase of them, after the signing of the note, then the defendant, Mr. Haynes, could not avail himself of that defense, and it would be your duty to find for the plaintiff the entire amount for which he sues in this case, as heretofore instructed by the court. I further charge you that if one of the mules or both of the mules died from some disease they had, or already had contracted at the time of the sale, then the plaintiff would not be entitled to recover

for that mule or those mules, provided they had not contracted a disease from which they died after the purchase, but had contracted the disease before, and died from it after the purchase." The plaintiff contends that the above charge was erroneous because of the provision in the contract that the purchaser assumed the risk of the mules dying. This question is settled adversely to the contention of the plaintiff by the following decisions: In *Whigham* v. *Hall,* 8 *Ga. App.* 509, 510 (70 S. E. 23), Chief Judge Hill, speaking for this court, said: "The plea of partial failure of consideration set up facts which, if proved, would constitute a good defense as to the mule which the plea alleged was unsound and suffering from pneumonia at the date of the sale, and had died before the maturity of the note. For the purpose of avoiding the effect of this plea, it is insisted that the language contained in the note, that the maker agreed to pay for the property even if it should be lost, damaged or destroyed, or died from any cause whatever, excluded any warranty as to the soundness of the mules, and obligated the maker at all events to pay the note. . . The language of the note 'dies from any cause whatever,' reasonably construed, we think, means some cause which did not exist at the time of the sale, but which originated after the sale and after the delivery of the mules to the purchaser." As hereinbefore stated, the note sued on contained no express warranty, and the defendant relied on the plaintiff's oral warranty that the mules were sound. In *Toller* v. *Hewitt,* 12 *Ga. App.* 496 (2) (77 S. E. 650), it was said: "Where a note given for the purchase-price of a horse contains no warranty of soundness, the purchaser may, in defense to an action on the note, plead and prove the breach of an express warranty of this character." See also *Pryor* v. *Ludden & Bates Music House,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267). And relative to failure of consideration the first paragraph of the decision in the *Toller* case, supra, says: "Either want or failure of consideration may be shown in defense to an action on a promissory note, though the note be under seal." See also *Owens* v. *Parker,* 8 *Ga. App.* 221 (68 S. E. 1009). "'A warranty is a statement or representation made by the seller of goods, contemporaneously with and as a part of the contract of sale, though collateral to the express object of it, having reference to the character, quality, or title of the goods, and by which he promises or undertakes to insure that certain facts are

or shall be as he then represents them.' Therefore the contract of warranty in this case was collateral to the note, and it was admissible to prove this contract of warranty by parol. It was not included in the written contract, and did not vary its terms."· *Whigham* v. *Hall,* supra; *Anthony* v. *Cody,* 135 *Ga.* 329 (69 S. E. 491).

The contention of the plaintiff that there was no evidence that the mules had any disease at the time they were purchased by the defendant is not borne out by the record. The fact that the plaintiff had received these mules in a shipment with other mules just three or four days before he sold them to the defendant, that *both* mules got sick, that they were sick the very next morning after their purchase, and that "they were never able to work the next day or any other time after" the defendant got them, were all circumstances from which the jury could conclude that the mules had contracted the disease at or before the time of the sale.

The 8th special ground of the motion for a new trial complains that the court charged the jury that if they found for the defendant the form of their verdict should be, "We, the jury, find for the defendant so many dollars with cost of suit." This is alleged to be error for the reason that the defendant introduced no evidence to show that he had paid the plaintiff anything. The very fact that the jury did not award the defendant the $85 which he alleged in his plea he had paid the plaintiff, or any part thereof, shows that this instruction of the court was harmless to the plaintiff, and therefore furnishes no cause for a new trial. *Upshaw* v. *Stephens,* 26 *Ga. App.* 284 (4) (106 S. E. 125).

Those grounds of the motion for a new trial not covered by the foregoing are without merit. The evidence authorized the verdict, no reversible error of law is shown, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*