[Crim. No. 2665.   Second Appellate District, Division Two.—February 7, 1935.]

THE PEOPLE, Respondent, v. DAN H. PARKER, Appellant.

Curtis C. Taylor for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

WILLIS, J., *pro tem.*—This is an appeal from a judgment and from an order denying motion for new trial. Appellant was charged with the crime of murder, was tried before the court without a jury and found guilty of murder in the second degree. He presents two general issues of law for decision on this appeal, namely, insufficiency of the evidence to sustain the decision and judgment, and errors in refusing admission of evidence.

On September 8, 1934, at about 7:30 in the evening, defendant from within his own home heard deceased calling him in loud and profane language to come out. Deceased was at that time outside defendant's yard, near a gate entering the same, which gate was closed. Defendant and his wife went out close to the gate, the defendant having secured from his bedroom and placed in his pocket a loaded revolver. At the gate words were passed between the parties concerning a fifty-cent debt, the deceased making threats to fight and efforts to enter the gate, but being prevented by defendant's wife. During the progress of this altercation, while deceased was outside the fence and defendant inside thereof, the latter fired a shot from the revolver at deceased, which resulted in his death a few minutes later. At the trial defendant claimed self-defense as justification of the shooting, and urges here that the evidence supports such defense and is therefore insufficient to sustain the judgment of guilt. It

is unnecessary to repeat herein the items of evidence adduced at the trial. We have carefully examined the same as contained in the reporter's transcript and find therein ample support for the decision of the court and for a negation of the claim of self-defense.

During the trial a witness testified that she saw defendant and his wife and deceased during the altercation and heard certain words spoken by them. Defendant sought and offered to prove by evidence of experiments as to audibility of voices, subsequently made, that the witness could not have heard what she said she heard. Objection to such evidence was sustained, of which ruling appellant complains. ■ To render evidence of experiments admissible there must be a possibility of reproducing substantially the same conditions which existed when the original occurrence took place. The reception or rejection of such evidence lies largely within the discretion of the trial court, with the limitation thereon that it must be shown that substantially the same conditions existed; and further that the evidence shall be of such a character as to aid rather than to confuse the triers of fact with collateral matters. (*People* v. *Woon Tuck Wo*, 120 Cal. 294 [52 Pac. 833]; *People* v. *Ely*, 203 Cal. 628 [265 Pac. 818].) ■ We are satisfied that in this case no substantial reproduction of the same conditions could be made. The experiment involved an attempt to imitate different voices of individuals from a distance of some ninety feet, during an accompaniment of the barking of four dogs within the same zone. The impracticability of accomplishing this experiment with substantial conformity to the original episode would seem to require the trial court, in its exercise of discretion, to refuse admission of the evidence thereof. Furthermore, it is clear that this evidence was not offered to establish any substantial fact, but to impeach the witness in respect to testimony to the effect that she heard certain words spoken concerning a fifty-cent debt. Both defendant and his wife testified that such fifty-cent debt was spoken of by each of the parties during the altercation, and the testimony sought to be introduced would be cumulative upon an incident rather than the act constituting the crime.

■ Evidence tending to show that the police had been called earlier on the evening of the homicide to come and quell a disturbance made by deceased at another place, and

not in the presence of or made known to defendant, was offered by defendant and refused admission. There was no error in this ruling. Such evidence was offered to show that deceased was "on a rampage". It was not offered as evidence to show who was the aggressor in the affray some time later between deceased and defendant; and upon the face of the record we cannot say that the rejection of this evidence prejudiced the rights of appellant. Had it been so offered and rejected we would still be bound to hold that no prejudice resulted, in view of the full disclosure of the previous aggressive acts and conduct of the deceased and the evidence which showed that he was "on a rampage" on the occasion at the gate.

The following question was asked a witness: "Now, Mr. White, did you know whether or not Jones was a man that was a dangerous man?" Objection thereto was sustained. He was then asked: "Did you know anything about the reputation of Jones?" objection to which was also sustained. Counsel for defendant then stated his purpose was to show deceased's character. ■ It is the rule in homicide cases, where the plea of self-defense is interposed and the evidence already in leaves it in doubt whether deceased was the aggressor, or where the circumstances attending the homicide render it doubtful or equivocal whether the defendant was justified in believing himself in imminent danger at the hands of deceased, that evidence of the bad reputation of the deceased in respect to being quarrelsome or dangerous is admissible. (*People* v. *Lamar,* 148 Cal. 564 [83 Pac. 993]; *People* v. *Smith,* 48 Cal. App. 776 [192 Pac. 321].) ■ Appellant suffered no prejudice by the rulings complained of. The first question clearly asked for a personal opinion and was improper. The second question was preliminary, and in itself insufficient and incomplete, and the inquiry was not pursued. No offer to prove bad reputation of deceased in respect to being quarrelsome or dangerous was made.

■ A motion for new trial was heard and denied by the trial judge. He heard and observed witnesses and had opportunity to test the truth of their statements as well as those of defendant, and was in a situation peculiarly favorable to weigh the same and determine the facts. We find no basis in the record warranting the substitution of the dis-

cretion of this court for that of the trial court. On the question of sufficiency of the evidence to sustain the decision, the second decision thereon by the trial judge, when he denied the motion for new trial, is persuasive. The affidavit in support of the motion, referirng to a threat to ''beat up'' the defendant, made shortly before the affray, adds nothing to the case sufficient to warrant a new trial, as it was only cumulative as proof of who was the aggressor.

Finding no error in the record, and it appearing that appellant had a fair trial, the judgment and order denying the motion for new trial are, and each of them is, affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 7, 1935.