40657. BELL v. MENZIES.

DECIDED SEPTEMBER 25, 1964—REHEARING DENIED
OCTOBER 9, 1964.

*Levy & Stonecypher, Jean Wm. Levy,* for plaintiff in error.
*Bessie W. McCorvey,* contra.

BELL, Presiding Judge. The single exception now extant in this appeal is whether the petition stated a cause of action for breach of warranty collateral to a contract.

Our Supreme Court has defined a warranty as "a statement or representation made by the seller of goods, contemporaneously with and as a part of the contract of sale, though collateral to the express object of it, having reference to the character, quality or title of the goods, and by which he promises or undertakes to insure that certain facts are or shall be as he then represents them." *Elgin Jewelry Co. v. Estes & Dozier,* 122 Ga. 807, 810 (50 SE 949). *See Whigham v. Hall & Co.,* 8 Ga. App. 509, 511 (70 SE 23); *Hawkins v. Haynes,* 40 Ga. App. 532, 534 (150 SE 442).

Cf. U.C.C., *Code Ann.* § 109A-2—313, relative to express warranties; U.C.C., *Code Ann.* §§ 109A-2—312; 109A-2—314; 109A-2—315, relative to implied warranties.

"The decisive test, in determining whether language used is a mere expression of opinion or a warranty, is whether it purported to state a fact upon which it may fairly be presumed the seller expected the buyer to rely and upon which a buyer would ordinarily rely. If the language used is of that character, the fact of reliance on the part of the buyer and the presumption of intent on the part of the seller which the law would raise in such a case would operate to create a warranty." *Smith v. Frazer,* 144 Ga. 85, 88 (86 SE 225). "No particular form of words is necessary to constitute a warranty. . . To make an affirmation at the time of sale a warranty, it must appear to have been so intended, and not to have been a mere expression of opinion . . . whether the words used amount to a warranty or not, is a question for the jury, under the rules of law applicable to the case." *Terhune v. Dever,* 36 Ga. 648, 652.

The petition here alleges: that the defendant warranted that the grass would live and that cold weather would not damage the grass; that plaintiff relied on these warranties; that the grass did not live; and that plaintiff was damaged by breach of the defendant's warranties. Although the plaintiff precariously rested his case on meager pleadings which apparently would have been subject to attack by other means, nevertheless the petition did allege elements sufficient to state a cause of action for breach of warranty. This is all that is necessary to withstand a motion to dismiss in the nature of a general demurrer. *Farmers &c. Bank of Manchester v. Gibson,* 211 Ga. 270 (1) (85 SE2d 513).

In his brief the defendant contends that the failure of the grass to survive could have been the result of many things each of which was beyond his power to control or to prevent. These arguments, however, relate to matters concerning the evidence and thus are jury questions. Contentions of that sort do not establish legal grounds upon which the petition might be attacked on general demurrer unless the pleading's language is itself so definitive of those defenses as to make the petition vulnerable to them as matters of law. The petition here is not so definitive.

See Western Soil Bacteria Co. v. O'Brien Bros., 49 Cal. App. 707 (194 P 72) a case cited by the defendant.

The trial judge did not err in denying the defendant's oral motion to dismiss the petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*