## 55863. TILLMAN & DEAL FARM SUPPLY, INC. v. DEAL.

McMurray, Judge.

The operator of a hog farm purchased certain corn to feed his animals. Thereafter, the hogs became sick and many died.

Freddie W. Deal, the operator, as plaintiff sued Tillman & Deal Farm Supply, Inc. for damages resulting from the loss of his hogs, including the incurred cost of veterinary services and medication. By amendment he sued in three counts: Count 1 was for breach of implied warranty that the corn purchased for feed was suitable for feeding to livestock, one of the ordinary purposes for which said goods are used. In Count 2 he sought damages for negligence of the defendant as the cause of the loss of his hogs by reason of alleged contaminated corn containing "aflatoxin." In Count 3 he sought damages resulting from the loss of his hogs as being caused by the contaminated corn which corn was supplied by the defendant "in breach of its express warranty of suitability for feeding to the plaintiff's hogs." The defendant answered denying the claim, admitting only jurisdiction and the sale of certain corn to the plaintiff.

The case proceeded to trial before a jury which returned a verdict against the defendant for the plaintiff in the sum of $9,844.92 with interest and court costs. Whereupon the defendant filed its motion for judgment notwithstanding the verdict and in the alternative a motion for new trial which was later amended. The joint motion was denied after a hearing, and the defendant appeals. *Held:*

1. The first enumeration of error is concerned with whether the evidence is sufficient to support the verdict. The gist of plaintiff's claim in this case rests on the proposition that his hogs died as a result of eating contaminated corn that was purchased from the defendant. Defendant contends that the contaminated corn was discovered at a later date and after plaintiff had commingled the corn sold by defendant with corn purchased from two other sources. However, plaintiff's evidence established that he had fed the hogs during the period when they were ill with the corn purchased from defendant; that samples of corn provided by other sources were all negative for toxins whereas samples of the corn sold by the defendant and a sample of the feed made from defendant's corn were positive for toxins; and the hogs had not been sick before being fed the feed supplied from corn purchased from defendant, and became sick after eating defendant's corn, and some recovered when the feed was withdrawn. In consideration of all the evidence, we cannot say that the verdict and judgment is not supported by any evidence; hence this court will not disturb the judgment and verdict. *Gunter v. Willingham,* 116 Ga. App. 700, 702 (158 SE2d 255); *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520); *Fowler v. Glover,* 105 Ga. App. 216, 217 (123 SE2d 903).

2. The second enumeration of error is concerned with the denial of defendant's motion for directed verdict as to Count 3 of the complaint based on express warranty at the conclusion of all the testimony and evidence; and in failing to grant its motion for judgment notwithstanding the verdict as to the same count. An affirmation of fact made by a seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. See Code Ann. § 109A-2—313 (Ga. L. 1962, pp. 156, 188); *Bell v. Menzies,* 110 Ga. App. 436, 437 (138 SE2d 731); *Key v. Bagen,* 136 Ga. App. 373 (2) (221 SE2d 234). The trial court did not err in denying the motion with respect to Count 3 of the complaint based on an express warranty by the defendant inasmuch as there was evidence to support same (the corn was stated to be satisfactory for hog feed).

3. Testimony was offered by the plaintiff that the defendant had shipped corn to a mill which had been rejected because it contained mold (aflatoxin) in excess of 20 parts per billion which is the level which is safe to feed livestock. The rejection was based upon laboratory tests, but the witness was familiar with only one of the tests; that is, he did not perform the tests and was not qualified to perform one of the tests and was only testifying as to the business records as the reason for the rejection of the corn delivered to the witness' employer. The witness testified he was familiar with the regular and consistent testing procedures, the test results, and they were used in buying grains. Subsequent cross examination showed that the six or seven carloads of corn shipped by the defendant, which were rejected by the mill because the tests for aflatoxin or mold were positive, were never shown to have been corn from the defendant's facilities in Bulloch County. However, no objection was made to this evidence on relevancy and materiality grounds. The objection that the witness could not testify to a scientific result that someone else performed in the business was the only objection made to his testimony in regard to the corn purchased by the mill from the defendant. The business records showed the corn to have been positive for mold in excess of 20 parts per billion. Since the tests were made in the regular course of the business and such records are kept in the regular course of such business the law allows such records to be admissible in evidence under Code Ann. § 38-711 (Ga. L. 1952, p. 177). However, the lack of personal knowledge or other circumstances with reference to the making of such record may affect its weight but "shall not affect its admissibility." The trial court did not err in allowing the evidence as to the performance of tests upon corn delivered by the defendant at a mill as being rejected because of its excess quantity of toxins. See *Cotton v. John W. Eshelman & Sons, Inc.,* 137 Ga. App. 360 (1) (223 SE2d 757); *Martin v. Baldwin,* 215 Ga. 293, 294 (4) (110 SE2d 344); *Timothy McCarthy Const. Co. v. Southern Detectives, Inc.,* 125 Ga. App. 205, 206 (186 SE2d 895). Whether or not the testimony of this witness was objectionable on other grounds is not here passed on inasmuch as the above was the only objection made to said

testimony.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MAY 4, 1978 — DECIDED JUNE 15, 1978.

*Anderson & Sanders, Faye Sanders,* for appellant.
*Allen, Edenfield, Brown & Wright, Charles H. Brown,* for appellee.