SPENCE *et al. vs.* DASHER, ordinary, for use.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. An administrator may sell for cash or credit, but he should take into consideration the interests of the estate, the creditors and heirs.
2. Due latitude should be allowed counsel in argument, and unless the court abuse its discretion therein, this court will not interfere.
3. There is no presumption of law that it is to the best interest of an estate consisting in part of land, that the estate should be wound up and the administration completed in twelve months.

4. Whether or not the administrator abused his discretion in extending credit, is a question of fact for the jury.

Administrators and executors. Practice in the Superior Court. Presumptions. Before Judge WRIGHT. Mitchell Superior Court. November Adjourned Term, 1878.

Dasher, ordinary, for the use of certain children of Mary E. Walker, deceased, brought suit on the bond of the administrator, alleging mismanagement of the estate, etc. On the trial the main issue was as to certain land which the administrator had sold. It appears that he sold it for one-fourth cash, balance due in installments payable in one, two, and three years, for which he took notes. This, plaintiff contended, was an abuse of discretion by the administrator.

The jury found for the plaintiff $1623.48. Defendants moved for a new trial, on the following, among other grounds:

(1.) Because the court erred in charging the jury "that the administrator had the right to sell for cash or credit; but that he must, as to the terms, take into consideration the best interests of the estate, the creditors and the heirs, in making his sales."

(2.) Because the court erred in this: plaintiff's counsel was arguing to the jury in substance as follows: "If you find for the defendant in this case, the effect of it will be, that although he has the notes for this land in his hands, he shall never pay these heirs anything; that it would be a bar to their ever recovering anything, and would relieve defendant from all liability," when defendant's counsel objected, and the court held or said "he would not decide that *question* now, that it might be an important one to the plaintiff in the future, but that it was irrelevant in the case on trial," and failed to charge the jury on that point.

(3.) Because the court charged that the law presumed that it was for the best interest of the estate that the administrator should wind it up in twelve months.

(4.) Because the verdict was contrary to law and evidence.

The motion was overruled upon plaintiff's writing off $54.17 from the verdict. Defendants excepted.

SCAIFE & SPENCE; D. H. POPE, for plaintiffs in error.

No appearance for defendant.

JACKSON, Justice.

1. This suit was on the administrator's bond against him and his sureties, the jury found for the plaintiff and the judge below sustained the finding and refused a new trial, a small fraction of the amount of the verdict having been written off by his order.    We think that a new trial should have been granted on the ground that the court erred in ruling to the effect that the presumption of law is that it is to the best interest of an estate, though consisting in part of land, that everything should be sold and the administration completed within twelve months.    We are not aware of any such presumption, and the charge must have operated to the prejudice of the defendants, and that prejudice or injury was not obviated by writing off a small part of the verdict.

2. Counsel should have ample latitude in argument, and this court will not interfere when it is allowed by the presiding judge, except in cases of clear abuse of discretion and serious damage to the party complaining.

3. 4. An administrator has the discretion to sell for cash or credit, but due regard must be had to the rights of creditors and the interest of the heirs.   So he may extend credit at his sales, and whether he abuses his discretion in doing so is a question of fact for the jury.

As the case will be tried again on the merits, we forbear to express an opinion on the facts.   The judgment is reversed because of the charge in respect to the presumption that the best interest of an estate requires that it be wound

up in twelve months. It may be of great interest to it that it be not so speedily wound up, and each case will turn on its own facts without presumptions of law one way or the other.

Judgment reversed.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]