UNDERWOOD *v.* THE AMERICAN MORTGAGE COMPANY OF SCOTLAND, LIMITED.

*Atkinson, J.*—1. Where no evidence of any kind is introduced in support of a given plea, the court may state to the jury that such is the fact.

2. Although the note sued upon was, on its face, payable in the State of New York, where the charge or reservation of a greater rate of interest than six per cent. was not only unlawful, but made the contract utterly void, yet as the payee was presumably a resident of New York, and the rate of interest specified in the note, viz. eight per cent., was legal in Georgia, and as it affirmatively appeared that the note was executed in the latter State, was given for the purchase of land therein situate, and contained a waiver of the benefit of the homestead and exemptions provided for by the constitution and laws of Georgia, and there being no evidence tending to show any device or contrivance to evade the usury laws of New York, the jury were warranted in inferring that the parties had not voluntarily entered into a contract to be carried out in accordance with the laws of New York, under which it would be void; and accordingly, they were authorized to find that these parties had in view the law of Georgia, and not the law of New York, in fixing the rate of interest.

3. In *Odom* v. *New England Mortgage Security Co.*, 91 *Ga.* 505, it was not ruled that the note there sued upon was in fact usurious; but simply that it was open to attack for usury, and that the court erred in rejecting certain competent evidence offered by the defendant for this purpose. Besides, in that case it did not appear that the note itself was executed in the State of Georgia. *Judgment affirmed.*

July 29, 1895. By two Justices.

Complaint on notes. Before Judge Hunt. Hancock superior court. August term, 1894.

The American Mortgage Company of Scotland, Limited, alleging itself to be a company incorporated under the laws

of the State of New York and doing business in the State of Georgia, brought suit against Miss C. A. Underwood on certain promissory notes. One of the notes attached to the petition is for $137 principal, with interest from date at eight per cent. It is dated at Sparta, Ga., June 31, 1891, due December 1, 1891, and is payable to Fred. Cook or order at the office of the Corbin Banking Company, New York. It recites that it is given for part of the purchase money of 120 acres of land in Hancock county, Georgia, known as the Underwood place. Also, that it represents an instalment due on the land before described, and that the maker has given four other notes maturing on December 1st of each year thereafter, with interest coupons attached, etc. The petition alleges that while the notes were originally made payable to Fred. Cook, they have been by him endorsed to petitioner and are now held by it.

The defendant filed a plea of not indebted. Also, a plea of total failure of consideration, in that the notes sued on were given as part of the purchase price of certain land in Hancock county known as part of the Pleasant Valley plantation, containing 120 acres, which the payee of the notes claimed to own and covenanted to convey to defendant in fee simple on payment of the notes; but that defendant, having taken legal counsel, is advised that neither said payee nor plaintiff has title to the land or can convey the same to defendant. Also, a plea that the notes are void for usury as they are to be construed under the laws of New York where the contract was to be executed, by which laws the charging or taking of more than six per cent. interest renders the contract void.

At the trial plaintiff introduced the notes sued on, and closed. Defendant introduced a certified copy of the statutes of the State of New York on the subject of interest and usury; and then introduced plaintiff's attorney, who testified that the notes were given for the purchase of the land described in them; that defendant expressed her

regrets to him that she could not pay them, and when informed that she would be sued, requested that her attorney be permitted to acknowledge service and waive copy; and that she was in possession of the land, which was a part of the Pleasant Valley plantation, the rents of which she has received.

There was a verdict for the plaintiff, and defendant's motion for a new trial was overruled. The motion was on the following among other grounds:

1. The court charged the jury, that no evidence had been submitted which would authorize them to find that the consideration of the note had failed in the respect alleged by defendant's plea; which was error, in that it expressed an opinion of the evidence on this subject which was before the jury.

2. The court charged: "I charge you on this point, that you should weigh the testimony submitted, and find whether the contract sued on was made in the State of Georgia for the purpose of evading the effect of the usury law of New York. If this was a Georgia contract and made with the purpose, on the part of defendant, that it should be construed according to the laws of Georgia, then you should find for the plaintiff against this issue. If, on the other hand, you should find from the evidence that it was intended by the parties to this contract to evade the usury laws of New York by having the contract executed in Georgia, it would be your duty to find for the defendant." Assigned as error, because there was no evidence looking to any execution of the contract in Gergia, but all the evidence showed it to be executed in New York.

3. Error in not charging the jury, that if the contract sued on was to be executed in New York and bore a rate of interest that made it void there, it was void everywhere, and no recovery could be had on it.

*R. H. Lewis*, for plaintiff in error.

*R. B. Harley*, contra.