## McNEEL v. SMITH.

In the trial of a suit upon a promissory note which was given for the purchase-money of a mule, and which stipulated that the seller did not warrant the health, life, and soundness of the mule, but only the title thereto, and that in case of death the maker of the note should sustain the loss, where the only defense offered was failure of consideration growing out of the unsoundness of the mule at the time of the sale, there was no error in directing a verdict for the plaintiff.

Argued November 18,— Decided December 16, 1898.

Complaint on notes. Before Judge Smith. Telfair superior court. April 20, 1898.

In each of the notes it was stated that it was given for a mule, that the seller did not warrant the health, life, and soundness of the mule, but only the title thereto, and that in case of death the maker of the note should sustain the loss. It was also stipulated in the notes that the maker should pay "all counsel fees and other expenses that may be incurred in the collection of this claim." The defendant pleaded failure of consideration, and averred: Plaintiff contracted and guaranteed to deliver the mules to defendant sound and well, in good condition, and reasonably suited for the use intended, which was the working of the mules in a timber-team. One of the mules was sick when delivered to defendant, and got worse until he died, within three weeks from the date of purchase; another of the mules was, at the time of the purchase, badly string-halted, and was subject to frequent spells of colic, and died from the colic within three months from the date of the

purchase. These were latent defects that could not be discovered by the defendant when making the purchase, but were known to the plaintiff, and should have been disclosed by him. The plaintiff introduced the notes in evidence, and the court directed a verdict in his favor.

*D. C. McLennan,* for plaintiff in error.
*Eason & McRae,* contra.

Lewis, J. We do not think there was any ambiguity whatever as to the meaning of the contract sued on in this case. The notes, by stipulating that the seller did not warrant the health, life, and soundness of the mules, expressly excepted such warranty from the contract, and the parties manifestly intended that the vendor should be relieved from any implied warranty which the law might otherwise have imposed upon him on account of any defects growing out of unsoundness of the mules at the time of the sale. To have allowed, therefore, a defense based upon a verbal agreement between the parties to the effect that the vendor contracted to deliver the mules to the defendant safe and well, would have permitted the defendant to contradict by parol evidence the express and unambiguous provisions in his written contract. § 3555 of the Civil Code declares that, "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants—1. That he has a valid title and right to sell. 2. That the article sold is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." It is obvious from the language used in the statute, that the parties to the contract can expressly except either one or all of these implied warranties. In this case the first was not excepted, but any defense founded either upon the second or third growing out of unsoundness in the mules is expressly provided against. The plea in this case, therefore, setting up an agreement and condition not only not contained in the notes but in direct contradiction of the written contract, there was no error in refusing to admit testimony thereunder, and in directing a verdict for

the plaintiff. *Goodman* v. *Fleming*, 57 *Ga.* 350; *Jackson* v. *Langston*, 61 *Ga.* 392–3; *Martin* v. *Moore*, 63 *Ga.* 531.

*Judgment affirmed. All the Justices concurring.*