## 4192.   COCHRAN v. JONES & OGLESBY.

Where, in an instrument in the form of a note and mortgage for the pur-
chase-price of a mule, it is stated that the purchaser agrees to pay for
the mule if it should die, and that he assumes this risk in consideration
of the credit extended, and purchases on his own judgment, he is not,
upon the death of the mule, entitled to prove an express warranty of
soundness, and defeat the purchase-price on account of a breach of
such warranty.

DECIDED JULY 2, 1912.

Affidavit of illegality; from city court of Cartersville—Judge
Foute. March 20, 1912.

*Finley & Henson,* for plaintiff in error.   *J. T. Norris,* contra.

POTTLE, J.  An instrument was executed in the form of a note
and mortgage to secure payment of the purchase-price of two
mules.  The instrument obligated the purchaser to pay $25 per
month until the whole amount should be paid.  It contained the
further stipulation: "I or we insure the good condition and safe-
keeping of said property, and will pay if it be lost, damaged, or
destroyed, and, if live stock, will pay though it may die.  I or we
assume said risk in consideration of the credit extended, and pur-
chase the property on my or our own judgment."  One of the mules
died.  The mortgage was foreclosed and the purchaser pleaded in
defense that the seller had expressly warranted the soundness of
the mule, and that the mule had died from a disease which it had
at the time of the sale.  The issue was submitted to the jury, and
they found against the defendant.  His motion for a new trial con-
tains several grounds, but they will not be specially noticed, since
we are clearly of the opinion that the terms of the written contract
precluded the defense relied on.

Where a note is given for the purchase-price of an article and
the terms of the sale are not set forth in the note, parol proof of
an express warranty and a breach thereof does not violate the rule
forbidding the variation of or addition to a written contract by
parol evidence.  In such a case the contract of sale is in parol, and
the note is simply evidence of the indebtedness. *Pryor* v. *Ludden,*
134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267).  But where
the note purports to contain the contract of sale and sets forth the
warranty made, or that the seller did not warrant the soundness or
suitability of the thing sold, the parties have reduced their contract
to writing and it can not be varied by parol.  *McNeel* v. *Smith,*

106 *Ga.* 215 (32 S. E. 119), and cit.  If the statement in the written instrument, that the purchaser would pay though the mule should die, had stood alone, the words, "from a cause not existing at the date of the sale," might be superadded, as expressing the intention of the parties.  *Whigham* v. *Hall,* 8 *Ga. App.* 509 (70 S. E. 23).  But when the purchaser, in consideration of credit extended, added to the stipulation to pay if the mule died the statement that he purchased the property on his own judgment, no other construction of the terms of the sale is admissible than that he did not rely on any statements or warranties by the seller, but acted on his own judgment, based upon his own examination and upon his own knowledge and experience.  A finding in favor of the plaintiff was demanded, the plaintiff in error was not entitled to an abatement of the purchase-price, the right result was reached, and, if any errors were committed, they were harmless.

*Judgment affirmed.*