9650.    BOWEN *v.* FULLER & SON.

</div>

BLOODWORTH, J. "Where, in an instrument in the form of a note and mortgage for the purchase-price of a mule, it is stated that the purchaser agrees to pay for the mule if it should die, and that he assumes this risk in consideration of the credit extended, and purchases on his own judgment, he is not, upon the death of the mule, entitled to prove an express

warranty of soundness, and defeat the purchase-price on account of a breach of such warranty." *Cochran* v. *Jones*, 11 *Ga. App.* 302 (75 S. E. 143). The decision in the case just cited controls this case. The note in this case, as in that case, contained the clause, "I or we insure the good condition and safe-keeping of said property, and will pay if it be lost, damaged, or destroyed, and if live stock, will pay though it may die. I or we assume said risk in consideration of the credit extended, and purchase the property on my or our own judgment." This differentiates the present case and that of *Cochran* v. *Jones*, supra, from that of *Whigham* v. *Hall*, 8 *Ga. App.* 509 (70 S. E. 23); relied on by the plaintiff in error. The court did not err in sustaining the demurrer to the defendant's plea or in directing a verdict for the plaintiff.

　　　　*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*
　　　　　　　　DECIDED FEBRUARY 11, 1919.

Complaint; from Gordon superior court—Judge Tarver. February 25, 1918.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*J. G. B. Erwin, Jr.,* contra.