12383.   BUTLER v. CITIZENS BANK.

STEPHENS, J.  1. A written instrument which upon its face is apparently a completely executed contract between the parties may nevertheless, by the circumstances attending its execution, and the understanding between the parties, be shown not to be a valid contract until the performance of some other act of one of the parties as a condition precedent to the instrument's becoming a binding contract between them. *Pidcock* v. *Crouch,* 7 *Ga. App.* 299 (66 S. E. 973); *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584 (65 S. E. 590). Where a promissory note is executed by a person ostensibly as the principal, and is delivered to the authorized agent of the payee, but not as a final and completed obligation between the parties, and where under the facts of the case the person executing it is a surety only for the debt of another, and the instrument, under an agreement between the parties to the transaction, is not to become a binding obligation until the signature of such principal debtor has been procured, it does not, in the absence of the signature of the latter, become a binding and valid obligation be-

tween the original parties. In so far as the defendant's plea set up such defense it was erroneously stricken.

2. A mortgage note given for the purchase-price of a mule, which stipulates that mules bought by the maker are bought after a full inspection and "without warranty, express or implied, and without any reservation whatever," and that the maker understands "that no conditions, stipulations, or statements not included in this note shall be binding upon the vendors," and that the maker has "carefully read the full contents of this note and that the same embraces in full [his] contract of purchase," and that he fully understands the same, is not subject to a defense by the maker that the vendor, at the time of the sale of the mule, falsely and fraudulently represented the mule as being sound in wind and limb, well conditioned, free from other physical defects, well broken, and suitable for general farm and draft work, etc., all of which representations and warranties were relied upon by the defendant in purchasing the mule. *McNeel* v. *Smith*, 106 *Ga.* 215 (32 S. E. 119); *Cochran* v. *Jones*, 11 *Ga. App.* 302 (75 S. E. 143); *Bowen* v. *Fuller*, 23 *Ga. App.* 394 (98 S. E. 357). The court did not err in striking that part of defendant's plea setting up such defense.

3. An exception to the refusal to allow an amendment to pleading, where the contents of the amendment offered is not set out, presents no question for consideration. *Thomas* v. *Siesel*, 2 *Ga. App.* 663 (58 S. E. 1131).

4. The court having erred in striking part of the defendant's plea, as indicated in paragraph 1 above, the verdict and judgment were erroneous.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Complaint; from city court of Douglas — Judge Henson. February 23, 1921.

*R. A. Moore,* for plaintiff in error.

*E. L. Grantham,* contra.