15037. PALMER-MURPHEY Co. *v.* BARNETT *et al.*

STEPHENS, J. 1. Where three persons, each desiring to purchase twenty-five tons of fertilizer, enter into negotiations with a "salesman" who has authority to "get out and solicit business, fill in contracts, and send them in for" acceptance by his employer, a fertilizer dealer, by the terms of which negotiations they agree to join with some other person and execute a contract for the purchase of one hundred tons of fertilizer, and where, pursuant to such understanding, and after the departure of the salesman, these three persons sign a written instrument which contains the terms of a contract for the sale to them of one hundred tons of fertilizer, and where one of them, at the salesman's direction over long-distance telephone, not knowing whether the salesman has obtained a fourth person to sign the contract, mails the written instrument, thus signed by only three persons, direct to the seller, the inference is authorized that the instrument was thus delivered to the seller for the purpose of becoming a legal and binding obligation only in accordance with the previous understanding with the salesman. In such case the sender's receipt of a duplicate of the instrument, returned to him by the seller, who had signed the same as accepted, but which contained the signature of the three persons only and did not contain the signature of a fourth person, could not amount to a waiver by the signer receiving the duplicate, either for himself or as agent for the other signers, of the condition precedent that the instrument should become a binding obligation between the

parties only upon the procuring of a fourth person joined as party purchaser under the contract. The fact that the instrument was returned without the signature of a fourth person indicated only that the condition precedent had not happened, or that the fourth person had become bound by a separate instrument, and did not necessarily indicate that the seller was departing from the agreement made as a condition precedent to the instrument becoming a binding obligation. See *Rawleigh Co.* v. *Royal*, 30 *Ga. App.* 706 (119 S. E. 339); *Butler* v. *Citizens Bank*, 28 *Ga. App.* 184 (110 S. E. 501); *Hartman Stock Farm* v. *Henley*, 8 *Ga. App.* 255 (68 S. E. 957); *Pidcock* v. *Crouch*, 7 *Ga. App.* 299 (66 S. E. 971); *Heitmann* v. *Commercial Bank of Savannah*, 6 *Ga. App.* 584 (65 S. E. 590).

2. In a suit against the signatory parties by the seller, a plea alleging that, by reason of the above-stated agreement between the defendants and the plaintiff's alleged agent, no valid and binding legal obligation arose, was good as against demurrer. The terms of the actual agreement made in the negotiations contemplating the contract,—viz., that each of four persons was to purchase twenty-five tons of fertilizer,— although in conflict with the terms of a written instrument afterwards signed by three of the persons to the effect that the three were obligated jointly to purchase one hundred tons, were part of the res gestæ of the transaction, viz., that no contract was actually made. They were not irrelevant, either in the plea or in the evidence, as contradicting by parol the terms of a written contract.

3. It appearing from the evidence, without contradiction, that the person soliciting the contract with the defendants, and who entered into the alleged negotiations containing the agreement as to the condition precedent to the written instrument becoming a binding contract, was the agent of the plaintiff and had authority to "get out and solicit business, fill in contracts, and send them in for" acceptance by the plaintiff, no question of agency was in issue, and the court did not err in assuming such agency to exist.

4. The charge nowhere prejudicially to the plaintiff expressed any opinion upon facts in issue.

5. Certain excerpts from the charge of the court as to conditions precedent and subsequent, want or failure of consideration, and executed and executory contracts, were proper abstract statements of the law, and, if not applicable to the issues presented, were harmless to the plaintiffs.

6. In narrating the matters which a jury may consider in determining where the preponderance of the evidence lies, as laid down in the Civil Code (1910), § 5732, the court did not err in omitting some of them, in the absence of a request so to charge.

7. No error of law appears, and the evidence supports the verdict found for the defendants.

8. The court properly overruled the demurrers to the defendants' amended plea, and did not err in overruling the plaintiff's motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 13, 1924. REHEARING DENIED OCTOBER 1, 1924.

Action for breach of contract; from Taliaferro superior court— Judge Shurley. August 21, 1923.

Application for certiorari was made to the Supreme Court.

*George P. Whitman*, for plaintiff.

*Alvin G. Golucke*, for defendants.