### 23730. PARAMOUNT PUBLIX CORPORATION *v.* TRAVELERS INDEMNITY COMPANY.

DECIDED MARCH 16, 1934. REHEARING DENIED MARCH 31, 1934.

*Bryan, Middlebrooks & Carter,* W. R. *Flournoy,* for plaintiff.

*McDaniel, Neely & Marshall,* W. Neal *Baird, Frank U. Garrard,* for defendant.

SUTTON, J. The Travelers Indemnity Company insured the Paramount Publix Corporation against burglary, which, the contract provides, "shall mean the felonious abstraction of any of such insured property from within the insured part (as specified in item 8 of the declarations) of such safe or vault, by any person or persons making felonious entry into such safe and such insured part thereof, and also into the vault, if any, containing such safe, when all doors of such safe and vault are duly closed and locked by all

combination and time locks thereof; provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas, or other chemicals, upon the exterior of (*a*) all of said doors of such safe and of the insured part thereof and of the vault, if any, containing such safe, if entry is made through such doors, or (*b*) the top, bottom or walls of such safe and of the insured part thereof and of the vault, through which entry is made, if not made through such doors." Certain funds of the insured were stolen from the insured part of its safe. The money had been placed inside the safe, which had a double safe-door. The inside door of the safe, which had a lock, was closed and locked with a key, and the outer door was then closed, and locked, by the combination. The burglars sawed the hinges on the outer door of the safe in two, and there were scratches and visible marks on the door where the hinges had been sawed and cut for the purpose of entering the safe. On the combination of the safe on the outer door there was an oily substance, which had not been on the safe the night before the burglary. The outer door of the safe, which was too large for one man to move, had been removed from the safe and placed upon the opposite side of the room. The inner door of the safe, which was made of iron or steel, had had the lock securing it hammered and battered off, and there were marks of hammering or battering, indicating that the lock on the inner door had been forcibly hammered and battered to effect an entry into the safe where the money was. The lock of the inner door was not found in the office of the insured where the safe was. The sawing of the hinges on the outer door of the safe was not of itself sufficient to effect an entry into the safe, in that the outer door of the safe contained certain bolts extending on both sides of the door into the sides of the safe, which would have prevented the opening of the door of the safe, even though the hinges were sawed off, unless the combination of the safe were worked. Although the hinges on the outer door were sawed in two, and oil appeared on the outer door and on the combination of the safe, the combination must have been worked in order to have permitted the burglars to remove the outer door of the safe. The safe had two doors. The inner door, leading to the place wherein the money was kept in the safe, was locked with a key, and the outer door was opened by a combination lock, and on the night of the

burglary both the inner door and the outer door were locked and fastened. Entry into the safe through the inner door could not have been effected after the outer door was taken off, except by the use of force and violence.

After the refusal of the insurer to adjust the loss, the insured filed suit on the policy. Upon the trial of the case the foregoing facts appeared. The court, in charging the jury, instructed them that if they were satisfied "that the loss was occasioned and entry was effected by actual force and violence, of which there were visible marks made by tools, explosives, electricity, gas, or other chemicals, upon the exterior of all of said doors of such safe and of the insured part thereof, as I said, if you find that there were visible marks of force and violence made by tools, explosives, electricity, gas, or other chemicals, and that the entry was effected by reason of the same, then the plaintiff would be entitled to recover. Upon the contrary, should you find that the entry was not effected by force and violence,—not by force and violence, but that entry was effected by the operation of working of the combination, and that but for the working of the combination to the safe there could not have been an entry notwithstanding force and violence used, if you should find that to be true, gentlemen, then you would return a verdict in favor of the defendant."

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial, the motion was overruled, and to this judgment it excepts.

The latter portion of the foregoing charge, beginning with the words "Upon the contrary," is assigned as error by the plaintiff, as being a virtual direction of a verdict for the defendant, if the evidence showed that, although the two doors to the safe had been battered and removed, actual entry into the outer safe could have been effected only by working the combination of the safe.

The meaning of this portion of the charge excepted to was that the jury should find for the defendant if, but for the working of the combination to the safe there could have been no entry, even though force and violence were used in effecting the entry into the safe, and both doors showed marks thereof. The meaning of the foregoing provision in the insurance contract is that the insurer was liable if there was a felonious entry into the safe, when all doors of the safe were duly closed and locked by all combinations

and time locks, where such entry was made by actual force and violence, of which there should be visible marks upon the exteriors of all doors of the safe and of the insured part thereof, if entry was made through such doors. This court is of the opinion that by construing this provision of the policy most favorably to the insured (which was the proper construction to be placed thereon), and by construing it in an effort to accomplish the object of the insurance, the above charge of the court was erroneous and tended to direct a verdict for the insurer, under the undisputed evidence in the case. We think that to give it the construction placed thereon by the trial judge, and contended for by the insurer, would be too narrow and limited a construction, and would put such a strained construction thereon as would tend to practically defeat the object of the insurance; and would make such a policy of burglary insurance almost useless. *Columbia Casualty Co.* v. *Rogers Co.,* 29 *Ga. App.* 248 (114 S. E. 718), s. c. 157 *Ga.* 158 (121 S. E. 224).

It follows that the trial judge erred in overruling plaintiff's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*