25010. TRAVELERS INDEMNITY COMPANY *v.* PARAMOUNT PUBLIX CORPORATION.

240

DECIDED DECEMBER 9, 1935.

*Neely, Marshall & Greene, Frank U. Garrard Jr., W. Neal Baird,* for plaintiff in error.

*Bryan, Middlebrooks & Carter, Walker R. Flournoy,* contra.

SUTTON, J. 1. The former decision in this case is an adjudication that the facts appearing on the first trial did not demand a finding in favor of the insurance company. The charge assigned as error therein, and which resulted in a reversal of the judgment, amounted to a virtual direction of a verdict for the defendant insurer. *Paramount Publix Cor.* v. *Travelers Indemnity Co.,* 49 *Ga. App.* 1 (173 S. E. 873). There being no substantial difference in the facts appearing on the second trial, under the former ruling a verdict in favor of the defendant insurer was not demanded.

2. The court did not err in charging the jury with reference to determining where the preponderance of the evidence lies, as set forth in the Code of 1910, § 5732 (Code of 1933, § 38-107). It is true that when a judge undertakes to give this section in charge, he should fully and completely give its provisions. See *Shankle* v. *Crowder,* 174 *Ga.* 399, 411 (163 S. E. 180); *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822); *Steele* v. *Graves,* 160 *Ga.* 120 (5) (127 S. E. 465); *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (168 S. E. 903). The judge substantially gave this section in charge, although not in its exact verbiage. He omitted to charge as to the intelligence and number of the witnesses. It appears that three witnesses testified for the plaintiff and two for the movant. In these circumstances the omission to charge as to the number of witnesses was certainly harmless error in so far as the movant was concerned. *Farmers State Bank* v. *Kelley,* 166 *Ga.* 683 (144 S. E. 258). See also *George* v. *McCurdy,* 42 *Ga. App.* 614 (157 S. E. 219). In *Hinson* v. *Hooks,* supra, the movant had several witnesses and the opposite party had only one witness on the controlling issue in the case. It is not shown how or wherein the court's omission to instruct the

jury that they might consider the intelligence of the witnesses was harmful to the movant's case. There was no request so to charge. See *Byrd* v. *Grace,* 43 *Ga. App.* 255 (3) (158 S. E. 467); *Mills* v. *Pope,* 20 *Ga. App.* 820 (3) (93 S. E. 559); *Palmer-Murphey Co.* v. *Barnett,* 32 *Ga. App.* 635 (6) (124 S. E. 538); *Southern Ry. Co.* v. *Wessinger,* 32 *Ga. App.* 551 (3) (124 S. E. 100). Under the facts of this case it was not error to omit to charge, in this connection, that the jury might consider the intelligence of the witnesses. *George* v. *McCurdy,* supra; *Southern Bell Tel. Co.* v. *Shamos,* 12 *Ga. App.* 463 (77 S. E. 312).

3. The court, in instructing the jury on the provisions of the policy of insurance, did not err in charging, in effect, that the proper construction to be placed upon the same was that the insurer was liable "where there was a felonious entry into the safe, when all doors of the safe were duly closed and locked by all combinations and time-locks, where such entry was made by actual force and violence of which there shall be visible marks upon the exterior of all doors of such safe, and of the insured part thereof, if entry is made through such doors." This charge was in accordance with the construction placed on such provision of the policy by this court when the case was here before. See 49 *Ga. App.* 3, supra.

4. Under the facts of this case there was no error, for the reasons assigned, in failing to charge the jury that the insurer would not be liable if the entry into the safe was by means other than actual force and violence leaving visible marks upon the exterior of all the doors of the safe. The court fully instructed the jury as to how the insurer was liable, and as to when the plaintiff was not entitled to recover on the policy.

Applying the above rulings, the judge properly overruled the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*