29644. VEAL *v.* WEATHERLY.

DECIDED NOVEMBER 20, 1942.

*Frank Grizzard, James R. Venable, Frank A. Bowers,* for plaintiff in error. *James L. Flemister,* contra.

STEPHENS, P. J. W. K. Weatherly, trading as Weatherly Ap-

pliance Company, instituted suit against Grady Veal to recover $185.22 as an unpaid balance due the plaintiff as purchase-money for an electric refrigerator. The contract provided that the purchase-money should be paid in installments, and that the seller retained title to the refrigerator until the purchase-money was paid. The contract also contained the following provision: "No agreement, guaranty or warranty, express or implied, shall limit or qualify this contract, unless in writing and duly signed by retailer and purchaser."

The defendant admitted the execution of the contract but denied the alleged indebtedness. He admitted that the plaintiff had delivered the refrigerator to him and that he had used it, that he had failed to pay certain monthly installments which were in arrears, and that in accordance with the terms of the contract the unpaid balance of $185.22 had been declared payable. He admitted that, but for his plea which followed, the indebtedness sued on was correct. For further plea and answer he alleged that the plaintiff represented to him that the amount of electric current necessary for the operation of the refrigerator would be less than one half of one per cent. of his normal electric bill; that in fact the refrigerator required an amount of electricity equal to that of the current electric bill; that the plaintiff represented that the refrigerator would operate without any aid or attention on the part of the defendant; that on numerous occasions it would not freeze the water in the ice tubes, and the motor would not automatically switch on and off as the plaintiff had represented it would do; that the refrigerator failed to perform as represented to the defendant; that in addition to the things above narrated the plaintiff represented that the refrigerator would be noiseless; that this representation was false and untrue; that the refrigerator made a lot of noise when it was operating, which made it practically impossible for the defendant to sleep at night; and on the occasions that the motor switched on and off it made a loud and grinding noise which disturbed the defendant and his family; and that by reason of the misrepresentations and the defects in the refrigerator its value has totally failed.

The plaintiff demurred to the plea and answer as setting up no defense. The judge sustained this demurrer, dismissed the plea

and answer, and gave judgment for the plaintiff. The defendant excepted.

A retention-title note given for the purchase-price of an electric refrigerator which is signed by both the seller and the purchaser and which stipulates that the refrigerator is bought from the seller "on the following terms and conditions," including the condition that "no agreement, guaranty or warranty, express or implied, shall limit or qualify this contract, unless in writing, and duly signed by retailer and purchaser," is not subject to the defense of a breach of warranty in that the seller, at the time of the sale, untruthfully made certain oral representations and warranties such as are above indicated. *Butler* v. *Citizens Bank*, 28 *Ga. App.* 184 (2) (110 S. E. 501). If these representations constituted fraud voiding the contract it must appear that the purchaser rescinded the contract. The defendant does not allege that in purchasing the refrigerator he relied on any warranties or representations of the plaintiff. While the defendant alleges that the plaintiff made false representations relative to the operation of the refrigerator, he did not seek to rescind the contract. He merely alleges that the refrigerator was defective because it did not operate and perform as represented by the plaintiff, and for that reason the defendant alleges that "the value of said refrigerator has totally failed."

It appears from the plea and answer that the refrigerator was delivered to him, and that he accepted and used it for some time, making partial payments on the purchase-price. When sued for the balance he set up that the consideration for the refrigerator had totally failed, and alleged that the plaintiff made certain false representations, as to the suitableness and operation of the refrigerator, none of which were contained in the written contract, and that the refrigerator was defective and did not perform and operate properly.

The plea was insufficient to set up the defense of either a total or partial failure of consideration. It does not appear that the refrigerator was totally worthless. It must have had some value. See *Felder* v. *Neeves*, 36 *Ga. App.* 41 (135 S. E. 219). The defendant accepted it and made partial payments on the purchase-price. So far as it appears the alleged defects could have been remedied by repair. It does not appear to what extent the alleged

defects impaired the value of the refrigerator. There was therefore no fact alleged upon which could be based a partial failure of consideration.

The plea was subject to general demurrer. The court did not err in sustaining the demurrer and entering judgment for the plaintiff.

*Judgment affirmed. Sutton, J., concurs. Felton, J., concurs in the judgment.*