37361. YELLOW CAB COMPANY *v.* McCULLERS.

Decided November 12, 1958.

*Dennis, Bowden & Barton, John T. Dennis, Charles S. Barton,* for plaintiff in error.

*Wilson, Branch & Barwick, Thomas S. Bentley,* contra.

CARLISLE, Judge. Mrs. H. J. McCullers sued Yellow Cab Company for damages for personal injuries, pain and suffering, allegedly sustained by her when a pickup truck driven by her husband and in which she was riding as a passenger was struck from the rear by a taxicab of the defendant company. The petition alleged and the evidence showed that the plaintiff was riding as a passenger in the pickup truck belonging to her husband on May 16, 1955, in the City of Atlanta; that said pickup truck was proceeding east on Auburn Avenue when it stopped in the line of traffic for a red light at the intersection with Courtland Street, and while thus stopped it was struck from the rear by the defendant's cab and propelled forward into the rear of the vehicle stopped in the line in front of it. It was alleged that Mrs. McCuller's head was caused to be snapped suddenly rearward and then suddenly and forcefully forward; that her head struck the glass in the rear of the cab of the pickup truck first and then struck the windshield with such force as to break both the rear window and the windshield. The plaintiff alleged that she sustained certain enumerated injuries to her spine, spinal column, and her entire nervous system, and that as a result of these injuries she suffered and continues to suffer with headaches, tightness and stiffness of her neck, dizzy spells, and suboccipital pains; that she has a severe "whiplash injury" which has caused extensive damage to her nervous system and to her cervical spine. She also alleged that as a result of these injuries, she has had to undergo certain treatment and that she has been totally disabled since the time of the accident up to the time of the filing of the suit and that she has suffered excruciating pain as a result of her injuries. The defendant was alleged to have been negligent in operating its cab at a speed which was unsafe having due regard for the circumstances then existing (it being alleged that it was drizzling rain and that the street was wet), and that its agent was negligent in failing to have the taxicab under control so as to stop it without colliding with the rear of the truck in which the plaintiff

was riding and in following too closely behind the said truck. The various acts of negligence of the defendant's driver were alleged to have been the proximate cause of the plaintiff's injuries.

The defendant in its original answer merely denied the allegations of the plaintiff's petition and in an amendment to its answer the defendant alleged that its vehicle was proceeding at approximately 10 to 15 miles per hour, and after having passed to the right of some vehicles stopped to make a left turn into a parking lot on Auburn Avenue, the driver thereof sought to drive his vehicle to the lane nearest the center of the street in order to make a left turn into Courtland Street from Auburn Avenue, and that, when the front wheels of the vehicle struck the streetcar rails embedded in the pavement, all the wheels of the taxicab got on the east-bound car tracks, and due to the moisture thereon, the driver was unable to stop the taxicab, and that because of the occurrence of this sudden, unintentional and unforeseen event which was without the fault or neglect of its driver, the collision was an "accident" within the meaning of the law, and that, therefore, the defendant was not liable.

On the trial of the case, the jury returned a verdict for the plaintiff for $26,500. The defendant made a motion for new trial on the usual general grounds which it amended by the addition of 14 special grounds. The trial court denied the motion and the exception here is to that judgment.

The first special ground of the motion for new trial alleges error because, it is contended, the trial court failed to exclude certain testimony of the plaintiff's husband after timely objection thereto had been made by counsel for the defendant. As set forth in this ground of the motion, counsel for the plaintiff while examining Mr. McCullers on direct examination received the following answers:

"Q. (By Mr. Barwick). Mr. McCullers, my question was, has there been any change in her sleeping habits? A. Yes, there has. Q. Tell the jury—not what the doctor gave her, or the doctor said, tell them of your own knowledge what if any change there is. A. Well, she rests very good up until 1 or

2 o'clock and then her shoulders and neck get to hurting and she can't rest."

This ground of the motion continues as follows:

"Whereupon counsel for defendant made the following statement: 'We object to that, "she can't rest because her shoulders and neck aches," that is a conclusion, it would be based on what she said, which would be hearsay.' The Court: Well, Mr. Dennis, it would seem to me if he were there with her he would be able to know those matters. But, Mr. Barwick, you might ask the witness, since he is not an expert, what facts he bases that on. I overrule the objection. (By Mr. Barwick). Well, Mr. McCullers—(Mr. Barwick) If Your Honor, please, I want to withdraw that part of the answer if I may, please, sir, in which he related anything his wife told him. The Court: All right. Mr. Barwick: I withdraw that. The Court: Any statement that the wife told him the court will rule that out."

No further objection or motion was made or ruling of the court invoked. Properly construed, this colloquy shows that the very evidence objected to was withdrawn by counsel for the plaintiff and ruled out by the court. If counsel for the plaintiff in error was not satisfied with the ruling, which was substantially in accord with his motion, he should have requested the court to be more explicit as to what evidence was being ruled out. In the absence of any further timely objection, this ground of the motion fails to show error. See *Heinz* v. *Backus,* 34 *Ga. App.* 203 (2b) (128 S. E. 915); *Clark* v. *State,* 43 *Ga. App.* 384 (2) (159 S. E. 135).

■ Special ground 2 has been expressly abandoned by the plaintiff in error.

Special ground 3 complains of the failure of the court, in instructing the jury on the subject of the credibility of the witnesses and where the preponderance of the evidence lies, to include in its charge that the jury should consider "the nature of the facts to which they [the witnesses] testified." The portion of the charge relating to these subjects as given by the court embodies substantially the language of Code § 38-107 except that it omitted the phrase, "the nature of the facts to which they testified," as complained of in this ground. While

both the Supreme Court and this court have held that the better practice in charging on this Code section is to instruct the jury with respect to all of the elements set forth in the Code section, nevertheless, it is not the intention of this rule as announced by the courts that the judge should in every instance charge the entire section. *Fountain* v. *McCallum,* 194 *Ga.* 269, 276 (21 S. E. 2d 610). It is not always error to omit from the charge some of the elements of this Code section. *Palmer-Murphey Co.* v. *Barnett,* 32 *Ga. App.* 635 (6) (124 S. E. 538); *George* v. *McCurdy,* 42 *Ga. App.* 614 (2) (157 S. E. 219); *Travelers Indem. Co.* v. *Paramount Publix Corp.,* 52 *Ga. App.* 239 (2) (182 S. E. 923); *Cedrone* v. *Beck,* 74 *Ga. App.* 488 (1) (40 S. E. 2d 388). Each case must rest on its own facts.

Counsel for the plaintiff in error advance considerable argument in support of their contention that this omission was especially harmful to the plaintiff in error in view of the nature of the case, the plaintiff's injuries, and the fact that the sole basis for her recovery was her pain and suffering, and, that much of the testimony in support of her case was given by expert medical witnesses who in the nature of things could have no direct knowledge of whether the plaintiff was in fact suffering pain. It is not apparent that this omission in the charge, even under these circumstances, was any more harmful to the defendant than it was to the plaintiff. As was said by Judge Bell in *George* v. *McCurdy,* 42 *Ga. App.* 614, 617, supra, "In our opinion an instruction of this sort would not be necessary in order to insure a proper consideration and appraisal of the testimony by the jury. Trial jurors are themselves selected for their intelligence and uprightness (Civil Code of 1910, § 6546) and would hardly need to be told that in weighing the evidence they might or should take into consideration" the nature of the facts to which the witnesses had testified. The omission of the trial judge to instruct the jury in this respect was doubtless inadvertent and to our mind the inaccuracy was not of sufficient materiality to require another trial. It was as much error against the plaintiff as against the defendant and we cannot say that it was so much more harmful to the defendant than to the plaintiff as to require reversal of the case on account of this insignifi-

cant omission in the charge of the trial judge. *Southern Bell Tel. & Tel. Co.* v. *Shamos*, 12 *Ga. App.* 463, 469 (77 S. E. 312). The trial court did not err in overruling special ground 3 of the motion for new trial.

■ During his argument to the jury, counsel for the plaintiff stated that if they had any questions on any point in the case he would be glad to answer them. Upon counsel for the plaintiff making this statement, counsel for the defendant asked that the jury be withdrawn and made a motion for a mistrial. The court denied that motion, and that ruling is complained of in special ground 4 of the motion for a new trial. This ground of the motion shows that the court instructed the jury after they returned to the box: "Gentlemen of the jury, Mr. Barwick, the plaintiff's attorney, in the latter part of his argument made some reference to you gentlemen of the jury raising questions of the attorney or asking questions which you would like to have discussed with him. I want to instruct you gentlemen that I know of no provision for question and answer period between the jury and the attorney, that is, the attorneys on either side of the case, and the court is instructing you that you will not have any questions or any period to raise questions of the attorneys on either side of the case. All right, Mr. Dennis, you may proceed."

Improper remarks made by counsel in argument to the jury may be corrected by the court by proper instructions to the jury, and in extreme cases by the further device of rebuking the offending counsel, or if the offense is so great as to render it likely that the harmful effects thereof cannot be removed by proper instructions and by a rebuke of counsel, then the court may grant a mistrial. However, the trial court has a wide discretion in granting or refusing to grant a mistrial in such cases, and unless it is manifest that a mistrial was essential to the preservation to the right of a fair trial, the appellate courts should not interfere with the proper exercise by the trial judge of this discretion. *Spence* v. *Dasher*, 63 *Ga.* 430 (2); *Manchester* v. *State*, 171 *Ga.* 121, 132 (7) (155 S. E. 11); *United Motor Freight Terminal Co.* v. *Hixon*, 78 *Ga. App.* 638 (2) (51 S. E. 2d 679). The trial court did not abuse its discretion in determining that any harm-

ful effects from this improper argument of counsel could be removed by the instructions given, in refusing to grant a mistrial, and in thereafter overruling the fourth special ground of the motion for new trial complaining of this action.

■ The court charged the jury: "Now if you find that the plaintiff is entitled to recover I charge you that pain and suffering, past, present and future, and including diminution in the capacity to labor are items for which damages may be awarded."

It is contended in special ground 5 that this charge was erroneous in that it submitted to the jury two items of damage and authorized them to award double damages; that is, first, damages for pain and suffering, past, present and future; and, secondly, damages for diminution in her capacity to labor. Immediately following this portion of the charge, the court undertook to instruct the jury fully with respect to the term pain and suffering and all the various elements thereof, and the court told the jury that that term includes mental suffering and mental worry, distress, grief, mortification, physical suffering and the loss or impairment of one's capacity to work or labor about the home. This portion of the charge, when read in its context with that which immediately follows it, was not subject to the criticism levied in this ground of the motion for new trial.

■ Special ground 6 assigns error because the trial court in its charge submitted to the jury the issue of whether or not the defendant's driver was negligent in following too closely the vehicle in which the plaintiff was riding, and in charging the law with respect to that contention. It is contended that this was error because there was no evidence in support of this contention of the plaintiff. This ground of the motion is without merit. In the first place, it is never error for the court merely to state the contentions of the parties even though such contentions or some of them be unsupported by the evidence. *Barbre v. Scott,* 75 *Ga. App.* 524, 534 (43 S. E. 2d 760). Furthermore, while there may not have been any direct evidence that the defendant's vehicle was following too closely behind that in which the plaintiff was riding, the evidence of all the facts and circumstances at least raised an inference that the defendant's vehicle was following that in which the plaintiff was riding more

closely than was reasonable and prudent having due regard for the condition of the street and the traffic conditions existing at the time of the collision.

■ The defendant requested the court to instruct the jury as follows: "Gentlemen of the Jury: You are instructed, that though you will have the petition of plaintiff out with you during your deliberation, such petition is not evidence in the case, and you must not take any statement in this petition to be true unless there is some evidence produced from which you may legally conclude that the statement is true. In other words, the plaintiff cannot prove an act or facts by merely making a statement thereof in her petition. Your attention is directed to paragraph 8 of plaintiff's petition and those allegations therein wherein it is alleged that plaintiff fainted from a dizzy spell while in a doctor's office, and, further, that a Dr. James R. Simpson, a neurosurgeon, advised her that she suffered a severe whiplash injury, causing damage to her spine and nervous system, and that said physician prescribed certain treatment for her.

"No evidence has been produced sustaining the allegations which I have referred to and you must not conclude from the pleading alone that the plaintiff fainted in a doctor's office or that Dr. Simpson made such a diagnosis or that he prescribed such treatment." The trial court refused to give this instruction and error is assigned in special ground 7 on this refusal. The trial court did not err in refusing to give this instruction.

While a new trial may be granted on the refusal of the trial court to give a pertinent and legal charge in the language requested (Code, Ann., § 70-207), "The words 'pertinent' and 'legal' mean that the requested charge must be correctly adapted to one or more of the issues growing out of the evidence, must not be argumentative, nor contain any intimation or expression of opinion as to what has or has not been proved as to any question of fact, and that it must be in no other respect objectionable." *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 230 (17 S. E. 2d 825). While the charge requested and refused as complained of in this ground of the motion may perhaps have been a permissible charge under the rulings announced in cases such as *East Tenn., Va. & Ga. Ry. Co.* v. *Markens*, 88 *Ga.* 60 (1)

(13 S. E. 855, 14 L.R.A. 281); *Underwood* v. *American Mortgage Co. of Scotland Ltd.,* 97 *Ga.* 238 (1) (24 S. E. 847), it certainly was not harmful error for the trial court to refuse to give it. The court did in fact instruct the jury that the pleadings were not evidence and not to be considered by the jury as evidence and the court was certainly not obligated to go beyond that general instruction and pick out particular allegations and instruct the jury with respect thereto. Code § 81-1104.

The plaintiff alleged specific injuries to her head and neck and "extensive damage to her entire nervous system." On the trial, one of the plaintiff's doctors gave testimony with relation to the plaintiff's limited motion in her low back and lumbar spine and that she showed evidence of pain on forward bending. This evidence was objected to on the ground that there was no allegation of injury to the low back and no allegation that she had suffered any pain in her low back. This ground of the motion is without merit. The fact that the doctor failed to state specifically that the pain in the plaintiff's low back about which he testified was in any way referrable to the injuries alleged in the petition was not a ground for excluding such evidence, but was merely a matter to be taken into account by the jury in considering its weight and what credence they would give to it. The mere fact that no specific injury to the particular portion of the plaintiff's back was alleged did not prevent the plaintiff from proving that she suffered pain in that area of her back and that such pain and suffering was connected with the injuries alleged.

Special ground 9 of the motion for new trial complains because one of the plaintiff's doctors on direct examination, after having testified as to his findings of areas of tenderness in the plaintiff's neck and of restriction of motion in her cervical spine and stating that those things are frequently associated with pain, stated in response to the question as to whether or not the limitation of motion could have been traumatic in its origin, "That it could be." This last answer was objected to on the ground that it was entering into the field of speculation and that it was not definite enough. The witness giving this testimony was an expert medical witness. He was put on the witness stand by the plaintiff in order to elicit from him evidence as to his findings

with respect to the plaintiff's injuries and as to his opinion of her pain and suffering based on his factual findings. If the doctor was unwilling to give a more definite opinion than, "It could be," in answer to the question, no logical reason appears why such opinion was not admisible. To have required the doctor to state more positively may have elicited from him testimony that would not in fact represent his opinion of the matter and very likely might have been more harmful to the defendant than the answer given. This ground of the motion fails to show harmful error.

Special ground 10 assigns error on the failure of the court to exclude a statement of an expert medical witness on behalf of the plaintiff that the plaintiff upon the occasion of his examining her was complaining of extreme pain in her neck and in her back. This was objected to as being hearsay and a self-serving declaration. The court admitted the evidence for the limited purpose of explaining any later conduct of the physician. This ground of the motion fails to show that any further objection was made to the evidence. "Where in response to an objection of a general nature to evidence the court states that it is admitted for a limited purpose, and the objecting party makes no further objection thereto, no valid assignment of error can be based upon the court's act in admitting the evidence." *Mickle* v. *Moore*, 193 *Ga.* 150 (1) (17 S. E. 2d 728). Under the foregoing rule, this ground of the motion is without merit.

■ The complaint made in special ground 11 of the motion that the court, in instructing the jury in connection with the charge on the Carlisle Mortality Table, stated that the plaintiff sues for pain and suffering, "and she says that her injuries are permanent and that she has not only suffered in the past but that she will suffer as long as she lives," in so charging the jury intimated or expressed an opinion as to what facts had been testified to or proved by the plaintiff with reference to the permanency of her injuries and that it was likely to have been understood by the jury to mean that the *plaintiff* had testified that her injuries were permanent is without merit. This portion of the charge was not subject to the construction sought to be placed thereon in this ground of the motion.

■ The court undertook to instruct the jury on the use of the Carlisle Mortality Table in ascertaining the probable length of life of the plaintiff. Near the end of its instruction in this regard, the court said, "Now I charge you that if you should find that the injuries were temporary you should disregard the probable length of life of the plaintiff, and you would assess damages for pain and suffering during the existence of the temporary period of the existence of pain and suffering. And I further instruct you that if you should find that the injuries, if any, and the pain and suffering, if any, were only temporary, then you should disregard the Mortality Table which has been introduced in evidence, and likewise disregard the instructions which the court has given you with reference to it." This portion of the charge is assigned as error in special ground 12 of the motion on the ground that nowhere in the charge did the court instruct the jury that the mortality tables and all instructions with reference thereto should be disregarded unless the jury believed that the plaintiff would endure pain and suffering for the remainder of her natural life as the result of her injuries, that it was vague, misleading, confusing and erroneous in that it permitted the use of the table if the jury should find that the plaintiff would endure pain and suffering for a period less than her natural life, and that the court should have given a full and complete charge with reference to the table.

An examination of the record shows that the court did in fact charge fully and completely on the Carlisle Mortality Tables and after completing the charge on the tables the court further instructed the jury as quoted above. This was a sufficient instruction to the jury that they should disregard the mortality tables and the instructions thereon if they did not find that the injuries sustained by the plaintiff were permanent. This ground of the motion is without merit.

In special ground 13 error is assigned because the court failed to give either substantially or in exact words the following charge without request: "You are instructed that you should entirely disregard the Mortality Table which has been introduced in evidence and likewise disregard all instructions which the Court has given you with reference thereto unless you find

that plaintiff's injuries will cause her to endure pain and suffering for the remainder of her natural life."

The portion of the charge as given by the court and quoted above was legal and pertinent and was no less adjusted to the facts of the case than the charge set out in this ground. Certainly, in the absence of a timely written request, the court did not err in failing to charge in the language set forth in this ground of the motion.

 Special ground 14 assigns error on the verdict as being excessive. This will be considered in connection with the general grounds which raise the question of whether the verdict and judgment were authorized by the evidence. It is contended in connection with these grounds that the plaintiff introduced scant evidence as to her pain and suffering, she having stated only in very vague and general terms how she was in pain or how she suffered. It is further contended that because the evidence as to the permanency of the plaintiff's injuries was in sharp conflict, the verdict for $26,500 was excessive. While it may be conceded that the evidence both as to the extent and permanency of the plaintiff's injuries was in conflict, there was ample evidence both by the plaintiff herself and by her physicians who testified in her behalf as to their objective findings indicating pain and suffering which would authorize the jury to infer that the plaintiff did in fact suffer and was in pain as a result of injuries received in the collision and that such injuries and pain would endure for the remainder of her life. The measure of damages for pain and suffering being the enlightened consciences of fair and impartial jurors, and the jury having returned the verdict in this case and that verdict having been approved by the trial judge, we cannot say as a matter of law that it was not authorized.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*